SAMUEL SIMONS

*v.*

ASA D. WALDRON *et al.*

1. VARIANCE—*between writ and declaration, how taken advantage of.* If there is a variance between the summons and the declaration as to the defendant's name, it must be taken advantage of by plea in abatement.

2. NEW TRIAL—*on the evidence.* Where the evidence is conflicting and irreconcilable, and the jury are properly instructed, a new trial will not be granted, but the verdict must be relied on as settling the controverted facts.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of debt, by Asa D. Waldron and others against Joseph Moffitt and Samuel Simons, upon an appeal bond. The trial resulted in a verdict and judgment in favor of the plaintiffs for $1260.50, from which the defendant, Simons, appealed.

Messrs. GARRISON & DORAN, for the appellant.

Mr. NORMAN C. PERKINS, and Mr. J. HENRY TRUMAN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The record in this case has been carefully examined, and we are unable to detect any error for which the judgment ought to be reversed.

The action is upon an appeal bond, given in the case of *The Tug Boat E. P. Dorr* v. *Waldron et al.*, which was brought to this court at the September term, 1871, and was then affirmed (62 Ill. 221.) The original bond was destroyed by fire, at the time the court house in Chicago was burned, in 1871. Appellant pleaded *non est factum*, which plea was verified by affidavit. Upon that issue a trial was had, which resulted in

a verdict against appellant, as security on the bond, the principal, Moffit, not having been served with process.

The objection, the court admitted improper evidence, is wholly untenable.

The rulings of the court, in the admission and exclusion of evidence, were quite as liberal in favor of appellant as he had any right to claim or could expect. Indeed, we are unable to perceive how he was prejudiced, in that regard, by any decision of the court.

The signature affixed to the bond, as certified by the clerk of the Supreme Court, is Samuel Simmons. It is conceded appellant's name is Samuel Simons, and as the declaration counts on a bond made by Samuel Simmons, it is insisted there is a fatal variance between the proof and declaration. The copy of the bond, when offered in evidence, was found to correspond exactly with the averments in the declaration, and the alleged variance did not exist. The summons which was served upon appellant was issued against Samuel Simons, and if there was a variance in the writ and declaration, the proper mode of taking advantage of it was by plea in abatement. This he did not do, and it is not perceived how the question of variance suggested becomes material.

Manifestly the only issue that could be tried under the pleadings was, whether appellant, in fact, executed the bond upon which the suit was brought, and it appears, from the bill of exceptions, this was the sole issue submitted to the jury. Upon this issue the evidence is conflicting, and, in some respects, we may say, irreconcilable.

The original bond having been destroyed, there was no testimony produced as to the genuineness of the signature of appellant. There is, however, the testimony of two witnesses as to his repeated acknowledgments, after the case had been affirmed in the Supreme Court, that he had signed the bond, and his liability thereon. The defense relied on is, that he had signed two other bonds at the instance of Buckley, who seems to have obtained the execution of this one,

and in his conversation with the witnesses it is insisted he had reference to the other bonds. There is some evidence in the record, about which it seems to us there can be no dispute, that is inconsistent with this theory of defense. In the conversations with Waldron and Perkins, allusions were made to the suit of Waldron against the tug boat Dorr, as having been affirmed, and of the purpose of the parties interested to carry it to the Supreme Court of the United States. Reference was made to the further significant fact that Buckley was security on the bond to release the boat from the attachment levy, and unless all of this evidence was deliberately false, he must have been surety on this bond.

Where there is such a contrariety of evidence as is shown by the record, and the jury have been properly instructed, as they were in this case, we must rely upon the verdict, as settling the controverted facts.

This case affords no sufficient reason for a departure from this well established rule, and the judgment must be affirmed.

*Judgment affirmed.*