## JACOB KIGHTLINGER

*v.*

## EDWIN E. EGAN.

1. DOG — *liability of owner to one bitten by.* The owner of a dog of vicious habits, who has knowledge of its disposition to bite persons, and of the fact that it had bitten several persons before, will be liable in damages to one who is afterwards bitten by it, without fault on his part.

2. NEW TRIAL — *when evidence is conflicting.* Where the testimony is conflicting, and much of it irreconcilable, upon the main questions in issue, the verdict of the jury, when they are properly instructed as to the law of the case, must be regarded as settling the controverted facts, and a new trial will not be awarded.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action on the case, brought by Edwin E. Egan by his next friend, Moses Philbrook, against Jacob Kightlinger, to recover for personal injury in being bitten by defendant's dog. The plaintiff below recovered judgment for $800, and the defendant appealed.

Messrs. HUMPHREY & ENGLAND, for the appellant.

Mr. P. H. SANFORD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought to recover for personal injuries alleged to have been done to plaintiff by a dog owned by defendant. It occurred at the house of a neighbor, where plaintiff was temporarily stopping. The dog had come there with a member of defendant's family. Under the impression the dog was one

that belonged about the house, plaintiff was in the act of patting him on the head, when he sprang up and bit him in the face, inflicting a very severe injury. It was then discovered it was defendant's dog.

A great number of objections, many of them extremely technical, were taken on the trial to the rulings of the court, in the admission and rejection of evidence, but we cannot perceive the cause of defendant was prejudiced by any decision made. Indeed, we think the case was fairly presented to the jury, both as to the instructions given, and in the rulings of the court in the admission of testimony.

It is seldom a case is submitted where the evidence is more directly contradictory. There can be no doubt of the principal fact, it was defendant's dog that inflicted the injury, but whether it was of vicious habits and disposed to attack persons, and if so, whether defendant was aware of its disposition, are questions upon which the evidence is conflicting, and much of it, we must say, is totally irreconcilable. There was evidence from which the jury could fairly infer the dog was vicious, and that his disposition was known to defendant. He had owned the dog five or six years before it attacked plaintiff. It is proven the dog bit two other persons, one a child, inflicting a severe wound on the nose, and the other a man, passing defendant's house. Both these acts were communicated to defendant, immediately on their happening, if credence is to be given to the evidence. One witness stated the dog was kept chained in the night and turned loose in the day. On the other hand, the testimony is, the dog was kind and good natured, and was never known, during the entire period defendant owned him, to attack any person, unless it was plaintiff.

In this contradictory state of the evidence, we cannot but regard the verdict as settling the controverted facts. Should we do otherwise, it would be to usurp the province of the jury, which we have neither the right nor the inclination to do. It was pre-eminently a case for a jury, and we do not feel authorized to disturb their finding

· The instructions, taken and considered together, presented the law with sufficient clearness to enable the jury to comprehend the issues involved. They contained nothing that was calculated to mislead the jury, and what was omitted in one seems to have been supplied in another.

While the damages found are full high, we cannot say, in view of the fact plaintiff suffered a painful and severe injury, they are so high as to be oppressive, and for that reason alone justify a reversal of the judgment.

No error appearing that could affect the merits of the case, the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG took no part in this decision.