# The Chicago, Burlington and Quincy Railroad Company
## v.
## Hannah Olson.

1. QUESTION OF NEGLIGENCE—FINDING OF JURY WHEN ADOPTED.—On appeal before this court, where the finding of the jury upon a question of negligence determines the preponderance of evidence as to a primary fact which seemed reasonably doubtful, this court will defer to and adopt such finding, in view of the superior advantages the jury have in seeing and hearing the witnesses, although the court's inclination from the testimony transcribed may be to the contrary; but where the duty devolving upon this court is merely to characterize conduct shown, or to draw an inference from facts clearly proved or admitted, the court will be less reluctant to pronounce according to its own independent judgment.

2. WALKING UPON RAILROAD TRACK.—Where there is no excuse or justification for the act it is negligence for a person to walk upon the track of a railroad, whether laid in the city or upon the open field, and he who deliberately does so will be presumed to assume the risk of the perils he may encounter.

3. NEGLIGENCE IN GOING INTO KNOWN DANGER.—Where danger is actually known or apparent to ordinary observation or reasonably to be apprehended, proof of positive or special care to avoid it must be made to warrant a recovery.

4. CONTRIBUTORY NEGLIGENCE—FELLOW SERVANTS.—Deceased after finishing his day's work started to leave appellant's railroad yard, in which he was employed. On account of the snow elsewhere it was more convenient for him to walk on the track. While on the track he was struck and fatally injured by an engine running at a high rate of speed, which was being backed down from the turn-table. *Held*, that the negligence of deceased in going upon the track and while there, not looking for the known danger, materially and directly contributed to the injury. As between the negli-

gence of deceased and that of defendant's servants, there was no substantial difference, and as the verdict was against the evidence it was error to refuse defendant's motion to set it aside.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed February 9, 1883.

Mr. O. F. PRICE and Messrs. WILLIAMS & LAWRENCE, for appellant; as to injury to a servant through neglect or mismanagement of fellow servant, cited C. & N. W. R. R. Co. v. Moranda, 93 Ill. 316; C. & N. W. R. R. Co. v. Bliss, 6 Bradwell, 417.

A servant assumes all risks incident to the business: Wood's Master and Servant, § 326; Morris v. Gleason, 4 Bradwell, 395.

As to evidence: S. W. & W. R. R. Co. v. Moore, 77 Ill. 210.

Regular employes while upon master's grounds in course of their employment are entitled to the same protection and subject to the same liability both before commencing work and after its completion as while actually at work: Manville v. C. R. R. Co. 11 Ohio, 417; Boyden v. Stewart, 3 Eng. L. & Eq. R. 1; Thompson on Negligence, 1047.

Mr. J. A. McKENZIE and Mr. E. A. BANCROFT, for appellee; that this was a question of negligence for the jury to determine, cited T. P. & W. R. R. Co. v. Foster, 43 Ill. 417; I. C. R. R. Co. v. Cragin, 71 Ill. 178; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; Slosson v. B. C. R. & N. R. R. Co. 13 Rep. 553; W. & P. R. R. Co. v. McElwee, 67 Penn. 315; Shearman and Red. on Neg. § 10; C. & A. R. R. Co. v. Robinson, 8 Bradwell, 140; Wharton on Neg. § 324, 391; B. & O. R. R. Co. v. Trainor, 33 Md. 552; B. & O. R. R. Co. v. Dougherty, 36 Md. 366; Hicks v. P. R. R. Co. 64 Mo. 430; Frick v. St. L. R. R. Co. 15 Cent. L. J. 195; Railroad Co. v. Fort, 17 Wall. 553-557; Hough v. Texas R. R. Co. 10 Otto, 213-218; King v. O. R. R. Co. 15 Cent. L. J. 367.

The question whether the injuring and injured servants

were co-servants is a question of fact for the jury to decide: 2 Thompson on Negligence, 1049; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Holton v. Daly, 4 Bradwell, 25-28; B. & O. R. R. Co. v. Trainor, 33 Md. 552; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; T. W. & W. R. R. Co. v. O'Connor, 77 Ill. 391; P. F. W. & C. R. R. Co. v. Powers, 74 Ill. 341; C. & N. W. R. R. Co. v. Bliss, 6 Bradwell, 411.

At the time of the accident appellee's husband had completed his day's work and stood in the position of a stranger to appellant: Packet Co. v. McCue, 17 Wall. 508; Washburn v. N. & C. R. R. Co. 3 Tenn. 638; Baird v. Petit, 70 Penn. 477; B. & O. R. R. Co. v. Trainor, 33 Md. 542.

PLEASANTS, J. Case by appellee for alleged negligence of appellant, causing the death of Nels Olson, her intestate and husband. At the time of the injury, February 19, 1881, the general situation was as follows: The deceased was employed in appellant's yard at Galesburg to remove the ashes and cinders from the pits under the engines in the round-houses, but subject to be called at any time to other work as a roustabout. There were two round-houses in the yard. The new one, sixty feet deep, extended on a curve one hundred and five feet from its turn-table, and from a point a little east of north, westerly and southerly, to a point a little south of west of it.

From this turn-table a track was laid straight northeasterly, passing the east end of the round-house, parallel with and distant six feet from it, through the old one which was seventy-seven feet further north, to its turn-table, still beyond. Between the two turn-tables, on the west side of the track, was a water tank, and on the east side a machine shop, whose west wall extended from a point about east of the new turn-table one hundred and eighty feet north and converging towards the track to a point about east of the northeast corner of the new round-house. The space between these buildings, through which the track ran, was about fifty feet wide on its south line and narrowed to eighteen on the north.

Within a very short time preceding there had been several

falls of snow, which the deceased on that day was engaged with others in removing from the yard; and the track referred to had thus been cleared, but not the spaces between it and the buildings mentioned.

Just before quitting time, which was six o'clock, a locomotive with its tender, in charge of engineer Boyd and fireman Pease, was brought out of the new round-house to the turntable, which was then immediately turned and set to this track to let them back down to the tank for a supply of water preparatory to their going out with the regular Quincy passenger train. Deceased was then standing west of the track and north of the table, very near to the end of the lever by which it was being turned. Just before it was so set the six o'clock whistle was blown, upon which he handed his shovel to another employe and started north, going home. At what point he got upon the track is not shown, but when nearly past the buildings, about one hundred and fifty feet from the turn-table, he was overtaken and knocked down by the tender; and being caught by its brake was carried from twelve to eighteen feet before the alarm was given and the engine stopped. From the injuries so received he died early the next morning.

The declaration contains two counts, of which the first charges that the defendant negligently allowed the narrow space between said round-house and machine shop to remain filled with snow, except as to the railroad track running through it, whereby the only convenient passage way was upon said track, and that while the deceased was with due care walking thereon as he lawfully might, it so negligently drove its locomotive and tender that they ran upon, struck and injured him by reason whereof he died; and the second, that the defendant, well knowing that its employes in large numbers were accustomed daily to pass homeward on this track, without due care employed incompetent and negligent servants to run its engine and tender thereon, and that while deceased with due care was so passing they so carelessly drove and managed said engine and tender that, etc., as is in the first set forth.

To this declaration the defendant pleaded not guilty. The verdict was for the plaintiff for $3,000, which the court re-

fused to set aside, and the judgment having been entered thereon the defendant appealed.

It fully appears that the foreman of the yard had kept a large force diligently at work day and night to remove the snow from it, and that Boyd was a skillful and prudent engineer of sixteen years' experience; which disproves all the negligence specifically alleged.

What remains, if anything, is the general charge in respect to the manner of running the engine; and the particulars relied on upon the evidence are that it was backed down, upon a track obscured to the engineer and fireman by the tender, at too great a speed, without ringing of the bell or other warning, with knowledge that the employes in the yard were then quitting work for the day and good reason to apprehend that on account of the snow on either side of it some of them going in that direction would take the cleared track.

Upon the testimony as to the rate of speed, which was conflicting, the jury might well have found that under the circumstances it was recklessly high. About the others there is no serious dispute; and taken together, they ought, in our opinion, to fix the liability of the appellant if the deceased was free from fault—which is the only question to be considered since no complaint is made of the rulings of the court.

In cases of this character care or negligence is an ultimate fact proved by the circumstances or primary facts, of which the following, without important modification, are here shown. When the injury occurred it was light enough to see an engine and tender easily at a distance of a hundred feet or more. The deceased, although fifty-eight years of age, was vigorous and active, but somewhat hard of hearing and inattentive to the dangers surrounding and threatening him in the yard. He had been there employed for about six months. From two hundred to two hundred and fifty engines passed back and forth over this track, at some times ringing a bell and at others not, in every twenty-four hours. He was at the turntable when the engine on the occasion in question was being set to be backed down, in easy conversing distance of the per-

sons engaged in the operation.    Immediately before it was so set he walked off in the same direction, without any inquiry respecting its intended movement, taking the track between the round-house and the machine shop.    The way on either side, although obstructed by snow, was far from being impracticable.    One fellow-employe was just in advance and another followed and passed him on the track—both on a run; but he continued to walk between the rails, without asking a question or quickening his pace, or turning to look, until he was run down and fatally injured by the overtaking tender as herein above stated.

Whether these circumstances prove or constitute negligence on his part was to be determined in the first instance by the jury.    Pennsylvania Co. v. Conlan, 101 Ill. 106.    But on appeal the same duty is devolved upon us.    If it were to determine the preponderance of evidence as to a primary fact which seemed reasonably doubtful we should defer to and adopt their finding in view of their superior advantages from seeing and hearing the witnesses, although our own inclination from the testimony as transcribed might be to the contrary; but where it is merely to characterize conduct shown, or to draw an inference from facts clearly proved or admitted, there is no such advantage and we should be less reluctant to pronounce according to our independent judgment.

Thus the Supreme Court, discharging the same function before this court was established, constantly held, as matter of fact and against the finding of the jury, that if nothing further appears to justify or excuse it "it is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field, and he who deliberately does so will be presumed to assume the risk of the perils he may encounter."    I. C. R. R. Co. v. Hall, 72 Ill. 225; Same v. Hammer, Ibid. 350 (last paragraph); Same v. Hetherington, 83 Id. 513; L. S. & M. S. R. R. Co. v. Hart, 87 Id. 534.

In the light of these decisions upon the established facts above stated we can not hesitate as to how we ought to regard the act of the deceased in this case.    Even if it were conceded, giving him the benefit of every doubt, that he did not

actually know, when he started from the turn-table, that the engine was then about to be backed down; that he did not go upon the track until he reached the corner of the round-house; that he intended to go upon it only through the space between the round-house and the machine shop, a distance of sixty feet; that the snow outside of it through that space was two feet deep, and that the backing down of an engine at such a rate of speed was of rare occurrence or even unprecedented —still enough appears to stamp it as careless in a high degree.

He ought to have known, as well from the indications presented as because he could have so easily learned upon inquiry, that the engine was then about to be backed down.   He did know that this was the track between the two turn-tables, giving access to the water tank and in almost constant use by engines moving backward and forward, with and without warning.   It was therefore manifestly dangerous to be upon it for a moment at any time without looking out for them. The walk upon it over the sixty feet between the buildings was hardly less dangerous than a walk upon it over the whole distance from the turn-table, because in either case the same time would be given to the engine to overtake him where it did.   The inconvenience of the way outside, through the snow if there was no other, for that short distance was very trifling.   It would be no matter of wonder that merely on account of the snow he took the cleared track—perhaps most men would have done so under the circumstances—not, however, because it was not plainly hazardous, but because the danger could be so easily avoided by proper care to look for coming engines and get out of the way if one should be seen.   What does excite wonder is that having gone upon it he took no such care.

Where danger is not actually known, nor apparent to ordinary observation, nor reasonably to be apprehended, proof of positive or special care to avoid it, is not required—the absence of positive negligence may suffice—but where it is, such proof ought to be made to warrant a recovery in cases like this. Here it was obvious enough.   Yet the deceased, with all his knowledge and means of knowledge, needlessly exposed him-

self and then neglected to use the care that such exposure specially and reasonably demanded.

Every man of common sense and prudence in his situation, and with his knowledge of the operations as carried on in that yard would have known that he ought to keep off that track, or being on, to look back often enough to be sure of seeing the danger in time to avoid it; and since there was nothing to distract or hinder him, his failure so to do must be regarded as simple carelessness, which, in view of the peril, was by no means slight. That it materially and directly contributed to the injury can not be doubted.

It is hardly necessary to add that we see no substantial difference between the degree of his negligence and that of the defendant's servants. Boyd ran the engine as if he had no reason to fear that a man might be on the track, and the deceased walked upon the same track as if he had no reason to fear an engine might be upon it. There is little room for comparison or excuse for either.

We notice that in the third instruction given for the plaintiff the jury were told in effect that although they might find from the evidence that the deceased failed to use ordinary care, yet if they should also find that his negligence was slight in comparison with that of the defendant, and that the latter was gross, the plaintiff might recover. In the absence of all exception to it, and because the view above taken renders it unnecessary to do more, we refer to it no further than to say that we are not to be understood as approving it, and in reference to another trial, if it should be had, to call attention to the case of the C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, which perhaps was not reported since the instruction was given.

On this subject, as affected by that case, our views are set forth in the C. B. & Q. R. R. Co. v. Dougherty, 12 Bradwell, 181, decided at this term.

It is also deemed unnecessary to express an opinion as to the effect of the testimony bearing upon the question whether the engineer and the deceased were fellow servants in the same line of employment. That testimony is not so full and clear

as to warrant such expression, and no complaint is made of the instructions as to the law upon that subject.

The verdict, on the question of the negligence of deceased, was against the evidence, and it was therefore error to refuse defendant's motion to set it aside on that ground. For that error the judgment is reversed and the cause remanded.

Reversed and remanded.