Powers v. Cavenaugh.

## John Powers
### v.
### Thomas Cavenaugh.

VERDICT UNDISTURBED.—Where the evidence is conflicting and the jury are properly instructed as to the law of the case, their verdict must be regarded as settling the controverted fact.

APPEAL from the Circuit Court of Mason county; the Hon. Lyman Lacey, Judge, presiding. Opinion filed October 5, 1885.

Schweer v. Schwabacher.

Messrs. BROWN & WRIGHT, for appellant.

Mr. G. W. ELLSBERRY and Mr. T. N. MEHAN, for appellee.

CONGER, J. This was an action originally commenced before a justice, by Powers against Cavenaugh, to recover upon an account for rent and other matters, where he recovered a judgment of $97. Upon appeal to the circuit court, Cavenaugh recovered a verdict against Powers of $77, which was reduced by a remittitur to $68, upon which judgment was entered, and from which Powers appeals. No complaint is made of the instructions, but it is insisted that the verdict is so manifestly against the weight of evidence that it became the duty of the trial court to set aside the verdict and award a new trial. We have examined the evidence and find that it is conflicting; so much so that the jury would have been warranted in finding a verdict for either, as they might give the greater weight and credence to the respective witnesses of the contending parties. In such a case it is clear that the finding of the jury should not be disturbed. They have the superior advantage of seeing and hearing the witnesses and observing their demeanor upon the stand, and when properly instructed as to the law of the case, their verdict must be regarded as settling the controverted facts. Kightlinger v. Eagan, 75 Ill. 141; Hewitt v. Estelle, 92 Ill. 218; C., B. & Q. Ry. Co. v. Olson, 12 Bradwell, 245.

The case will be affirmed.

Affirmed.