## THE MICHIGAN LIFE INS. CO.
### v.
## WM. H. BEAVER.

*Negotiable Instruments—Non-Delivery as a Defense—Note—Agency—Conflict of Evidence—Question for Jury.*

1. Where the issue is one of fact, touching the delivery or non-delivery of a promissory note through an agent, the extent of his authority to contract is not involved.

2. It is the province of the jury to decide questions of fact, and where the evidence is conflicting, this court will not interfere with their verdict.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. J. S. EWING, for appellant.

Messrs. JOSEPH W. FIFER and THOS. F. TIPTON, for appellee.

PLEASANTS, J. This was an action of assumpsit, brought by appellant upon a promissory note made by appellee, of February 8, 1886, for $116.81, payable nine months after date

to the order of appellant at the People's Bank of Blooming-
ton, claimed to have been given for an endowment policy of
appellant on his life for $3,000. Pleas of *non assumpsit* and
*non est factum*, both verified by affidavit, were filed, and there
was a stipulation that any proper defense might be shown as
if specially pleaded. Verdict and judgment for defendant.

The defense was that the note was never delivered; that it
was left with F. A. Niles, plaintiff's agent at Bloomington,
upon an express agreement with him that it was not to be
delivered to the company, but was to be held by him and paid
out of certain commissions which were expected to accrue to
the defendant in his hands, or, in default of payment by such
means before or at maturity, to be surrendered to the defend-
ant and his policy canceled. Appellee positively testified
that such was the agreement; that Niles was to have him
made a member of the local board of control of the company
for McLean County, which would be entitled to a commission
of fifteen per cent. on all new policies he should write, and of
two per cent. on all the company's old insurance in that
county; that the board was not organized as promised; that in
May or June following Niles removed from the county to
Cedar Rapids, Iowa; that upon learning his residence defend-
ant, on the 15th of October, 1886, sent him the policy and
demanded the return of the note; that it was afterward sent
by the company to an attorney at Bloomington for collection,
and this suit brought thereon.

Niles denied that any such agreement or arrangement was
made with him, and represented the transaction as in all re-
spects legitimate in substance and regular in form.

The attorney referred to testified that after he received the
note appellee promised him to pay it in certain installments
specified, but this was denied by appellee, who stated that a
proposition so to pay it was made to him, and distinctly de-
clined.

These questions of fact it was the province of the jury
alone to decide, upon this conflict of evidence. They must
have found them for the defendant, and with their finding,
under the circumstances, we have no right, if we had the dis-
position, to interfere.

What we are to determine is whether the facts so found, without proof of notice thereof to the company, would constitute a good defense to this action. It does not involve any question as to the consideration of the note, or the right to vary its terms by parol, or the authority of Niles to bind the company by such an agreement as is claimed to have been made, but simply whether the note sued on was delivered to the company by the maker or by his authority. Such delivery was necessary to make the promise obligatory upon him in favor of the payee, who brings this suit. Without it there is no contract between the parties. Whatever may have been the extent or limit of Niles' authority as agent of the company, and however well it may have been known to appellee, he is not bound except in the manner and to the extent he contracted to be, and not at all if he did not contract to be. The innocence of the company can not change the fact or the effect of delivery or non-delivery, as the case may be; and that such fact is provable by parol, and that non-delivery is a good defense in an action like this, are settled by many authorities, of which we cite only the cases in this State, of Biederman v. O'Conner, 117 Ill. 493; Jordan v. Davis, 108 Ill. 336; O. O. & F. R. V. R. R. Co. v. Hall, 1 Ill. App. 612. The judgment will be affirmed.

*Judgment affirmed.*