### John R. Calhoun & Co.
### v.
### Stout & Smith.

*Attachment—Set-off—Conflict of Evidence—Practice.*

1. Where the evidence is conflicting this court will not interfere with the verdict of the jury.

2. In the case presented, it is *held:* That the jury properly refused to allow by way of set-off an item charged to the plaintiff; and that the objection that the amount of the verdict exceeds that claimed in the affidavit for attachment, can not be first raised in this court.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Green County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. WITHERS & HENSHAW, for appellants.

Mr. JAMES R. WARD, for appellees.

PLEASANTS, J.    Appellees sued out a Justice of the Peace attachment against appellants, who reside in St. Louis, upon affidavit of indebtedness amounting to $69, and obtained judgment therefor.  On the trial upon appeal the verdict and judgment were for $78.75.    The claim was for a commission on the sale of two· hay presses and the evidence shows that fifteen per cent. was the commission agreed on;  that these sales aggregated $625, and that plaintiffs retained out of the cash payment $15,  leaving a balance for commission of $78.75, the amount of the verdict.

Defendants claimed that these sales were not procured by plaintiffs but by their own traveling agent, and further, that by the agreement plaintiffs were to indorse the notes taken by them for machines sold; that they did not, nor would, indorse those taken for these, and that defendants were thereby subjected to extra expense.    Plaintiffs denied the alleged agreement and showed that the notes taken for these machines were all paid at maturity except one, the payment of which was prevented by garnishment in this suit.

Upon these disputed questions of fact there was such a conflict of evidence that we can not properly interfere with the finding.    Complaint is made that the jury did not allow by way of set-off an item of $17.50 charged to plaintiffs.    It does not appear that any account was filed or claim otherwise made of any set-off.    In the deposition of John R. Calhoun, speaking of the extra expense incurred because the notes were not indorsed, he says:    "I have here an account showing all the items and aggregating $95.25, which I submit to be hereto attached as 'Exhibit D.'    I will state that the last item in this exhibit is a merchandise item, which was not embraced in the expense referred to, although Stout & Smith owe us the amount."    The item as stated is:

"Dec. 5, eight bills, 15–8, for single end ties......$17.00

dray......    .50

$17.50"

And this is all the record contains concerning it. That it was not allowed, or that the verdict was excessive, are not among the grounds alleged for the allowance of a new trial. What the item as stated means, we do not know, and presume the jury did not. Without explanation as to what it was, when it accrued, and whether it was then due, they could hardly do otherwise than ignore it.

As we have stated, the amount of the verdict exceeds that claimed in the affidavit for the attachment, and this also is urged as ground for reversal. The statement of the amount in the affidavit is evidently a mistake. The facts testified to and undisputed show the real amount. Simple arithmetic settles it to a certainty. The verdict, therefore, is not unjust by the amount of the difference or by any amount, upon the assumption of plaintiffs' theory, which the jury sustained. This matter was never called to the attention of the court below, or it would have been allowed to be corrected by amendment of the affidavit. It is too late now to be made available. Utter v. Jaffray, 114 Ill. 470.

No error is specifically pointed out in the instructions. The judgment will be affirmed.

*Judgment affirmed.*