ERNEST TREISHEL

v.

CHRISTIAN AND LINA WEISE.

*Evidence—Province of Jury.*

Where the testimony is wholly irreconcilable. it is the province of the jury to weigh the evidence and find what is thereby established.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY, EUANS & KAY and R. W. HILSCHER, for appellant.

Messrs. HARRIS & HOOPER, for appellees.

UPTON, J. This case was before this court at the May term, 1889, and is reported in 34 Ill. App. page 81. It was remanded for the reason that the trial court refused appellant the privilege of proving the value of the lot—the subject of the sale in that contention, in part—as bearing upon the question of what the contract between the parties really was, in the then conflicting state of the evidence. The verdict and judgment upon this trial is in favor of appellees—the same result as before—but for a less sum in amount.

The error for which the former judgment was reversed has now been corrected in the trial court. We are now asked to again reverse the judgment of the Circuit Court, for the alleged reason that this verdict is against the weight of the evidence, and for some minor causes by counsel stated and assigned upon the record; it must be conceded that the testimony in the case is contradictory and wholly irreconcilable. In such conflict it was for the jury to weigh the evidence, reconcile the conflict if it reasonably could be done, and to find what that evidence established. Indeed, it was for the settlement of doubtful questions of fact that the system of jury trial was adopted, and it is for that purpose they are impaneled. We, sitting as a court of review in a case where the jury have been properly instructed, have no right to invade their province, and ought not to reverse their action (when the testimony is contradictory and irreconcilable) unless we can see that it is manifestly against the weight of the evidence, Guerdon v. Corbett, 87 Ill. 272; Connelly v. The People, 81 Ill. 379; Eastman v. The People, 93 Ill. 114; T. W. & W. Ry. Co. v. Moore, 77 Ill. 217; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Simons v. Waldron, 70 Ill. 281; Ill. & St. L. R. R. & C. Co. v. Ogle, 92 Ill. 353; Mich. L. Ins. Co. v. Beaver, 26 Ill. App. 349; Peoria Grape Sugar Co. v. Frazer, 26 Ill. App. 60; Calhoun & Co. v. Stout & Smith, 26 Ill. App. 413; Powers v. Cavenaugh, 17 Ill. App. 77; C., B. & Q. Ry. Co. v. Olson, 12 Ill. App. 245.

Of the case at bar it may be said, as in the cases cited it is held, the rule of law is, the evidence being entirely irreconcilable, "that in such case it is for the jury to weigh and give it such credit as it deserves." While it may be unsatisfactory to us as it appears in this dead record, it may have been to the jury, who saw and heard the living witnesses testify, entirely free from doubt. It only remains to inquire as to the instructions, and admissibility of the evidence heard or refused by the trial court. Complaint is made that several refused instructions asked for the appellant should have been given, and that several instructions given in behalf of the appellees should have been refused, and it is asserted that in

this there was error committed by the trial court. It is also contended that the trial court was in error in allowing the plaintiff below to state in rebuttal what the property cost him. In the connection in which this testimony was given we see no possible objection to it. Complaint is also made of the introduction and refusal of evidence upon some minor matters which, in our judgment, could not affect or prejudice the rights of the appellant.

We have carefully examined the record before us, in the light of the able and exhaustive arguments of the eminent counsel in the case, and we fail to find any reversible error therein. There seems to us to be sufficient evidence in appellee's favor to sustain the verdict under the rules of law which we have endeavored to apply, and finding no material error in this record, either in the admission or refusal of evidence, or in the giving or refusal of instructions for either party, to the prejudice of the appellant, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*