## MOSES ROBISON

*v.*

## JOSEPHUS HIBBS.

SET OFF—*unliquidated damages.*   Where it appears that plaintiff's hogs had entered defendant's field, and destroyed his corn, and plaintiff promised to pay for the corn:   *Held,* That the damage sustained by the trespass was not thereby liquidated; and that unliquidated damages, growing out of covenant, contract or tort, cannot be set off in a suit disconnected with such claim, under the statute.   The cases of *Hawks* v. *Sands*, 3 Gilm. 227, and *Sargeant* v. *Kellogg*, 5 Gilm. 273, referred to and approved.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. JOHN PORTER, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought by appellant, before a justice of the peace of Warren county, against appellee, to recover a small balance of an account.   A trial was had, resulting in a judgment in favor of appellee.   The case was thereupon removed by appeal to the circuit court, and upon a trial in that court,

the jury returned a verdict in favor of appellee for forty dollars. A motion for a new trial was entered, which the court overruled, and rendered judgment on the verdict, and appellant brings the record to this court, and asks a reversal.

The record presents the question, whether the court below erred in permitting appellee to prove his account for damage done by the trespass of appellant's hogs in his corn. It appears that appellant's hogs got into the field of appellee and destroyed some corn, which was proved and allowed against appellant's objection. We are aware of no law which authorizes the unliquidated damages growing out of a tort to be set off in an action *ex contractu.* It is, however, insisted by appellee that the evidence in this case shows that the damages were liquidated. Bouvier, in his Law Dictionary, defines liquidated to mean "that which is made certain and manifest; as liquidated damages, ascertained damages; liquidated debt, or ascertained debt as to amount." He further illustrates the meaning of the word when he says, "For, although it may appear that something is due, if it does not also appear how much is due, the debt is not liquidated. An unliquidated claim is one which one of the parties to the contract cannot alone render certain."

In this case there is no pretense that the quantity of corn, or its value per bushel, or in the gross, was fixed or agreed upon by the parties. It only appears that the corn was destroyed, and appellant promised to pay for it; but nothing was said as to the amount of grain or its value. There can, therefore, be no pretense that the amount of the damages was ascertained, or that facts there agreed to, from which the amount could be ascertained by calculation, and hence the damages were not liquidated, and were, therefore, not the subject matter of set-off in this action; nor did they grow out of the contract upon which suit was brought, the only case in which unliquidated damages may be set off; and in the case of *Hawks* v. *Sands,* 3 Gilm. 227, it is held that unliquidated

damages arising ont of covenants, contracts or torts disconnected with plaintiff's claim, cannot be set off under the statute, and the same rule is announced in the case of *Sargeant* v. *Kellogg*, 5 Gilm. 273.

We know of no case in which damages, growing out of a trespass or tort, may be set off, although it might be, if the parties were to agree upon the amount, and the tort feasor were to agree to pay the sum to the injured party. The court below, therefore, erred in permitting appellee to prove these damages in the case, and should have set the verdict aside and granted a new trial. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*