JULIETTE E. HUBBARD

*v.*

GRACE J. ROGERS.

RECOUPMENT—*what may be the subject of.* In an action of trespass or trover, for taking and carrying away property, the wrongdoer can not recoup an indebtedness that may be due from the owner to himself, not connected with the illegal transaction, against the damages sought to be recovered. To be the subject of recoupment, the defendant's claim must arise out of the cause of action involved in the plaintiff's suit.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the plaintiff in error.

Mr. CONSIDER H. WILLETT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced in replevin, but the property not being obtained on the writ, an appropriate declaration was filed, and the suit progressed as an action of trover.

The principal facts may be briefly stated: The defendant in error rented of the plaintiff in error a certain house, to be used as a boarding house, for the annual rent of $2,000, to be paid monthly, in advance, on the fifth day of every month. For the purpose of furnishing the house, Mrs. Rogers borrowed of the plaintiff in error the sum of $400, and it was agreed between the parties it should be added to the amount of the rent, and be re-paid as rent, which would make the monthly payments amount to $200. By the terms of the lease, it was to commence to run on the first day of May, 1869, and continue for the period of one year. The rent for the first month was paid in advance, and the lessee entered into possession of the premises.

The $200 advanced for the first month's rent was immediately returned as a part of the $400 loan, and it is said that it was expended in the purchase of a part of the furniture now in controversy.

The rent for the month of June was not paid, and it soon became apparent that Mrs. Rogers could not pay the rent as it became due. A settlement was had, when Mrs. Hubbard remitted $200 of the rent, and after deducting $300 due for board, Mrs. Rogers executed to her a chattel mortgage on the furniture in the house, for the residue of the rent that was and would become due on the first day of October, 1869. It is not controverted that the indebtedness secured by the chattel mortgage was afterwards fully paid in money, which was a discharge of all rent to that date.

The installment of rent due on the fifth of October, for that month, was not paid, and the lessor issued her warrant, and caused it to levied on property on the premises. It was, however, immediately replevied by Mrs. Rogers.

The property now in controversy was seized by virtue of a distress warrant issued by Mrs. Hubbard. The levy was made on the second or third of November. It is quite clear there was no rent due for the month of November at the date of the levy, for by the express terms of the lease, no rent would become due until the fifth day of the month. But there is still a more valid objection. The landlady had previously, by virtue of the power reserved in the lease, elected to terminate the tenancy, and gave the lessee notice to quit the premises and surrender the possession. In pursuance of the notice given, Mrs. Rogers was moving out of the house, when the last levy was made. The tenancy having been terminated by the act and election of the lessor, no rent would become due for November. The weight of the evidence seems to prove that the distress was made for the November rent; and there being no rent due for that month, or to become due, it could not be justified.

The defendant in the court below did not attempt to justify the taking of the property under the distress warrant, on which the bailiff made the seizure by her direction; but the defense which she endeavored to make, but was denied the privilege by the rulings of the court, is that the rent due for October had not, in fact, been paid, and a portion of the $400 advanced, at the execution of the lease, remained unpaid, and it was sought to recoup the amount so due from the plaintiff's damages.

It is not perceived how she can avail of this defense.

The evidence does not distinctly show whether the levy made on the first distress warrant, for the rent for October, was sufficient to satisfy the amount due. There was property enough on the premises out of which an adequate levy could have been made, and if it was not made, it was the fault of

the bailiff.   In the absence of proof to the contrary, we will presume the levy was abundant, and if so, the right to make further distress for the same rent was gone.   The lessor must, then, rely on the replevin bond for indemnity.   It would operate as an acquitance of the rent, and if any indebtedness at all existed, it was on the replevin bond.   It has no connection whatever with the illegal seizure of the plaintiff's property for rent due in November, when none, in fact, was due, and could not be made the subject of recoupment.

The $400 advanced to Mrs. Rogers at the execution of the lease was included in the amount of rent to be paid for the use of the premises, and was to be re-paid as rent, and, unquestionably, a part of it was so paid.   If the election of the lessor to rescind the lease shall be held to create the relation of debtor and creditor as to this money, then it is simply a debt for borrowed money due Mrs. Hubbard.   In action of trespass or trover, for taking and carrying away property, the wrongdoer can not recoup an indebtedness that may be due from the owner to himself, not connected with the illegal transaction, against the damages sought to be recovered.   It is the settled law in this State that, to be a subject of recoupment, the defendant's claim must arise out of the cause of action involved in the plaintiff's suit.   This is not true of the defendant's claim in the case at bar.   If she had a claim against Mrs. Rogers for borrowed money in April, when the lease between the parties was executed, it had no connection with the illegal seizure of her property in the following November.

We perceive no error in the rulings of the court on this question.

It is urged that the damages found by the jury are excessive.

There can be no doubt that the defendant in error was allowed the full value of her property.   It may be the verdict is really for more than it ought to be, but there is evidence

in the record that supports it, and we do not feel authorized to set it aside.

No error is perceived in the record, and the judgment is affirmed.

*Judgment affirmed.*