# WIGGINS FERRY COMPANY

*v.*

# THOMAS HIGGINS.

1. NEW TRIAL—*verdict against the evidence.* Although the evidence may not be entirely satisfactory, still, if it tends to sustain the issue, and the circuit judge, who saw the witnesses on the stand and had facilities for determining the weight of the evidence which this court does not possess, is

satisfied with the verdict, and refuses to set it aside, this court will not disturb it.

. 2. ERROR *will not always reverse—improper instructions.* A judgment will never be reversed simply because an inaccurate instruction has been given, where the court can see that it has resulted in no injury to the party complaining.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM H. UNDERWOOD, for the appellant.

Mr. CHARLES CONLIN, and Mr. LUKE H. HITE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears, from the evidence in this case, that, in August, 1873, appellee, in driving on the ferry boat of appellant, at East St. Louis, with a two-horse team and a wagon loaded with about 6000 pounds of iron, was directed by the captain of the boat to make a short turn, so as to drive on the other end of the boat. In making the turn, appellee fell, and the fore wheel of his wagon ran on and injured his foot. From the injury, he was confined to his bed and the house for some time, and was wholly disabled from work or business for some two months and a half. He was, at the time of the accident, receiving $40 per month wages. His bill for dressing and attending to the wound was $25, and some expense for medicines, and his board bill. The jury found in his favor, and assessed his damages at $140, for which amount, after overruling a motion for a new trial, a judgment was rendered against the company, from which this appeal is prosecuted.

Appellee testified that the place where the turn was made was narrow, and there was a slant, or depression, on the floor of the wharf boat where it was made, that rendered the effort to turn dangerous, and that he remonstrated with the captain of the boat, and told him he could not make the turn; and as

to the character of the place, he is corroborated by other witnesses. On the other hand, witnesses testified that the place was safe, and that it had been so used for years, and great numbers of persons had made similar turns at the same place, and no such accident had ever occurred before this one. A number of appellant's witnesses attribute the accident to the character of the seat on the wagon, which appellee was occupying at the time. They say it was unsafe, and the accident is attributable to the seat, and not the character of the way on which the turn was made. There were, on the other side, witnesses who testified that similar seats were used on the wagons of the transfer company, and others, with safety.

Although the evidence is conflicting, and seems not to be entirely satisfactory, still it tends to sustain the issue; and whilst we might have arrived at a different conclusion, the judge who tried the case was satisfied with the verdict, and overruled a motion for a new trial. He saw the witnesses on the stand, and had many facilities for determining the weight of the evidence, which we do not possess, and we should not lightly disregard his decision on the motion for a new trial. We, therefore, feel ourselves unwarranted in disturbing the verdict. We can not say it is so clearly against the weight of evidence as to require a reversal.

It is urged that the court below erred in giving instructions for appellee; that the law in reference to punitive damages is not correctly stated. Even if this is true, it has worked appellant no injury, as we see, from the evidence, that only compensatory damages were assessed. When the jury found the issues for appellee, the evidence required them to find all they did as compensation for loss of time and expense in being cured. They, from the evidence, could not rightfully find less; and we never reverse a judgment simply because an inaccurate instruction has been given, when we can see that it has resulted in no injury to the party against whom it has been given. A party, to entitle himself to a reversal, must show that there has been error committed which resulted, or may have resulted,

in injury to him. In this case, no such wrong or probable injury to appellant appears from the record.

No error appearing in the record requiring a reversal, the judgment must be affirmed.

*Judgment affirmed.*