| 76 | 115 |
| 123 | 287 |
| 76 | 115 |
| 33a | 20 |
| 76 | 115 |
| 54a | 334 |

# WALKER EVANS

*v.*

# RICHARD J. HUGHEY.

1. CONTRACT—*for services—when due.* Where the owner of land agreed to pay an agent $500 for selling the same at $30 per acre, and that the agent might have all he could get above that price, as an additional compensation; and the agent sold for $35 per acre, taking notes for the greater part of the purchase money to his principal: *Held*, that the agent was not entitled to maintain an action as to the $5 per acre until the notes were paid, or, at least, until after their maturity and a reasonable time for collection.

2. RECOUPMENT—*must grow out of plaintiff's cause of action.* Where the plaintiff sold land for the defendant, agreeing to take security for the first payment of $3000 on other land of the value of $6000, and afterwards the defendant sold to the same purchaser certain personal property, for the sum of $2500, and directed the plaintiff to take mortgage on the purchaser's farm, then valued at $11,200, for both payments, and record the same, and the plaintiff did take such mortgage, but, through his neglect, it was not recorded until after liens to the extent of $1179.50 had attached to the mortgaged premises, which the defendant, after foreclosure of his mortgage, was compelled to discharge by payment: *Held,* in a suit by the plaintiff to recover the compensation agreed upon for making the sale, that the defendant could not recoup the damages sustained by him in consequence of the neglect to record the mortgage, as the same did not arise out of the contract sought to be enforced by the plaintiff, but that his remedy should be sought in a distinct suit.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of assumpsit, brought by Hughey against Evans, to recover for services and commissions in making sale of certain real estate, under the following contract:

"Richard J. Hughey, of the city of Mattoon, Coles county, Illinois, is hereby authorized to sell my farm, on which I live, situate and being in the county of Franklin, and State of Missouri. Said agent is authorized to sell said tract of land, containing 343¼ acres, at the price of $30 per acre, to be paid as follows: $3000 to be paid on the first of January, 1871, and the balance as follows: $3500 on the first of January, 1872, $3500 on the first day of January, 1873, and the remainder on the first day of January, 1874; all of which payments must bear ten per cent interest per annum from date of contract until paid. For making said sale, I agree to pay said Hughey the sum of $500, and in event that said agent succeeds in selling said land for more than $30 per acre, which he is hereby authorized to do, I agree and bind myself that said Hughey, as agent aforesaid, shall have whatever sum he may get over $30 per acre, as commission, in addition to the $500, and I bind

myself to express in the deed, as the consideration, the whole amount for which said Hughey may sell said tract of land.

The first payment of $3000 must be secured by mortgage on real estate worth at least $6000 cash.

Witness my signature, this 27th day of December, 1869.

WALKER EVANS."

On January 1, 1870, Hughey effected a sale of the farm to John B. Rigney and Hugh J. Rigney, of Moultrie county, Illinois, at the price of $35 per acre, amounting to the sum of $12,015.75, to be paid as follows: $3000 Jan. 1, 1871; $3500 Jan. 1, 1872; $3500 Jan. 1, 1873, and $2015.75 Jan. 1, 1874, for which sums the Rigneys executed their promissory notes, payable to Evans, with ten per cent interest, the Rigneys agreeing to execute to Evans a mortgage on their farm in Moultrie county, Illinois, of 320 acres, to secure the payment of the first note of $3000. Afterward, Evans came to Mattoon, in this State, where Hughey resided, bringing with him a trust deed for the Rigneys to execute on the land in Moultrie county. Hughey represented to Evans that the Rigneys would not execute a trust deed, but would execute a mortgage, which Evans agreed to accept, and left for his home in Missouri, leaving it with Hughey to get the mortgage executed, and to have included in it also another note for $2500, which the Rigneys had given to Evans for stock and farming implements purchased from the latter.

Hughey subsequently procured the mortgage to be executed by the Rigneys, to secure the payment of both notes for $3000 and $2500, and handed the same to a neighbor, who was going to Sullivan, to take to the recorder's office. About a year afterward, this neighbor returned the mortgage to Hughey, saying he had forgotten to give it to the recorder, and Hughey then immediately sent the mortgage to the recorder's office to be recorded. The mortgage was executed January 31, 1870, and recorded February 14, 1871. Between these dates, certain judgments were obtained against the mortgagors, and

became prior liens upon the land, amounting to $1179.50. Default was made in paying the notes secured by the mortgage, and Evans caused the mortgage to be foreclosed, bought in the land himself under the foreclosure sale, the time for redemption expired, and he obtained a deed for the land. After procuring his deed, Evans was desirous to borrow some money and mortgage this land; and then, in 1873, for the first time, he became aware of these judgment liens, and was compelled to discharge them to remove an incumbrance from his title, and did discharge them by payment of their amount. There was evidence that the Moultrie county land was then, at the time of the trial in November, 1873, worth $35 per acre.

The suit was commenced September 13, 1873. Upon the above state of facts the court below, trying the case without a jury, found for the plaintiff in the sum of $2216.25, and rendered judgment for that amount against the defendant, from which he appealed.

Mr. ANTHONY THORNTON, for the appellant.

Messrs. STEELE & HUGHES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Two points are insisted upon by appellant for the reversal of this judgment: that the action is prematurely brought for the recovery of any thing more than $500, and that the loss incurred by Evans on account of the neglect of the agent in respect to the mortgage, should have been deducted from the amount to be paid to him under the contract.

All that Evans himself agreed to pay Hughey for making the sale was $500. He agreed further that whatever sum Hughey might get over $30 per acre, the latter should have, but not that Evans would pay to Hughey that excess. Hughey did make sale at $35 per acre, but instead of taking and reserving to himself the excess of $5 per acre, as he might

have done under the contract, he saw fit to mingle it in the notes which he took payable to Evans, making it a part of such notes. Whenever the notes are fully paid to Evans, or, may be, when they shall all have become due, and a reasonable time shall have elapsed for their collection, then Hughey will be entitled to recover this excess of $5 per acre as money had and received by Evans to Hughey's use. At the time this suit was commenced, the last note, payable January 1, 1874, had not become due. Evans had not then received his $30 per acre nor had it become due to him; and surely, before he had received the $30 per acre, or become entitled to receive it, he could not be called upon to refund to Hughey the excess above $30 per acre. That belonged to Hughey under the contract, with which Evans had no concern, and Hughey could not make Evans liable to pay it presently, on the making of the contract of sale, by putting it in the notes made payable to Evans. Evans had but a promise to pay him the money, from which he might fail to be able to realize the money in full. When he receives the money, that which belongs to Hughey, then he will be liable to the latter for it. The court below gave judgment for the whole amount of this excess of $5 per acre, in addition to the sum of $500 agreed to be paid by Evans under the contract. Herein, we are of opinion, the court erred, and that only $500 were recoverable at the time the suit was brought.

As to the point of the alleged loss by neglect of the agent in getting the mortgage recorded, the stipulation in the written contract sued on was, that the first payment of $3000 must be secured by mortgage on real estate worth at least $6000. Hughey testified that the Moultrie county land was worth $35 per acre, making its whole value $11,200. This considerably exceeds the amount of both the mortgage debts, and also the amount of the judgment liens on the land discharged by Evans. So that if Evans did incur a loss to the amount of the money he paid in removal of the judgment liens upon the land, it would not seem to have been in consequence of the first

payment of $3000 having been insufficiently secured, but in consequence of the mortgage not having been placed upon record within a reasonable time; and the agent's liability, if any, for such loss arises otherwise than upon the written contract sued on. It would grow out of the transaction of the business which Evans, when at Mattoon, left in the hands of Hughey on the former's departure for his home in Missouri, of obtaining from the Rigneys a mortgage for the security of the $3000 note and another one for $2500. The cause of the supposed damage would have arisen in the course of the performance of that business, and would have been, not the taking of an insufficient mortgage security in breach of the written contract, but the not using proper diligence in having the mortgage recorded, being negligence in the performance of the business of taking the mortgage, which had been intrusted by Evans to Hughey, and which the latter undertook to perform.

We are of opinion that whatever recovery Evans may be entitled to on account of this alleged damage, must be sought in a distinct suit, and can in no way be set up in the present action, as it is something not growing out of the contract sued upon. To be the subject of recoupment, the defendant's claim must arise out of the cause of action involved in the plaintiff's suit. *Hubbard* v. *Rogers*, 64 Ill. 434.

For the error before indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*