## JOHN J. CLAUSE

### v.

## BULLOCK PRINTING PRESS COMPANY.

1. PRACTICE—TIME OF FILING PLEAS.—When pleas are not filed in apt time, a motion for leave to file on the eve of trial is addressed to the discretion of the court, and unless the circumstances are such as to show an abuse of such discretion the ruling on such motion will not be reviewed by the appellate court.

2. SAME—ERROR RELIED ON MUST BE SPECIFIED IN MOTION FOR NEW TRIAL.—Appellant will be confined in this court to the reasons for a new trial specified in the court below.

3. SAME—CONTINUANCE.—An amendment of the plaintiff's declaration even on the trial will not work a continuance of the case unless the defendant files an affidavit bringing himself within the terms of the statute providing for continuance in case of amendment.

4. DAMAGES—PLEADING.—Damages for breaking an executory contract can not be recovered under the common counts, and a plea of set-off seeking to set up such damages against a claim should be special, setting out the contract and the breach thereof.

5. SAME—IN RECOUPMENT, MUST GROW OUT OF SAME TRANSACTION.— Where notes are given for money advanced, and sums becoming due between the parties should, by the terms of the notes, be indorsed thereon, such sums could be proved under the general issue; but "amounts coming due on account" do not include unliquidated damages for breach of contract; nor can the defendant prove such damages by way of recoupment, as they do not grow out of the same transaction.

6. PRACTICE—ERROR MUST INJURE TO BE AVAILABLE.—It is only of error that affects one injuriously that he can be heard to complain.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed July 21, 1886.

Suit was commenced in the Superior Court of Chicago on July 2, 1884, by appellee against appellant, and a declaration was filed, which set out a general contract for doing work ordered by plaintiff, and contained eight special counts thereon and the common counts.

The first, second and third counts claim damages for a

failure to properly construct a folding machine, ordered by plaintiff, under the general contract, for the Boston Herald office. The fourth, fifth and sixth counts claim damages for failure to construct, according to the contract, a folding machine ordered for the Philadelphia Press Co. The seventh and eighth counts claim damages for the improper construction of a cylinder machine ordered, under the contract, to be placed in a folding machine of the Boston Advertiser.

The bill of particulars or copy of account attached to the declaration, related only to items and damages growing out of the construction of the folding machine for the Boston Herald.

On August 2, 1884, another suit was commenced by appellee against appellant, the declaration counting on a promissory note for $1,000, made by appellant payable to Jas. G. Knap, treasurer, and on August 9th a third suit was commenced to collect another note for $1,000, the declaration being the same as in the second suit.

Shortly after the cases were at issue, a stipulation was entered into by which all three suits were consolidated and tried as one case, the defendant having pleaded the general issue in each case.

After the case had been pending for something over a year, and when it was upon the trial call of the court, defendant asked leave to file a plea of set-off consisting of the consolidated common counts, and in support of the motion filed the affidavit of his attorney, stating that as the case then stood, on the pleadings, such plea would not be necessary, but that should appellee abandon certain counts of the consolidated case, some question might arise as to the admissibility of part of the defense. Leave to file the set-off was refused, and some days thereafter the case was called for trial, and after a jury was called, plaintiff's counsel entered a *nolle prosequi* to all the damage counts of the declaration, except those relating to the Boston Herald folding machine. Thereupon counsel for appellee moved for leave to file instanter the plea of set-off previously offered, for the purpose of meeting the plaintiff's case as it then stood, but the court refused

the leave.    An affidavit for continuance was then filed by defendant, and the continuance denied by the court.

Evidence was offered by plaintiff, tending to show damages growing out of Boston Herald order, and two promissory notes were also given in evidence, each for $1,000, made by appellant payable to Jas. G. Knap, treasurer, and each containing the following statement in the body of the note: "Amounts becoming due to me on account with Bullock Printing Press Company, to be indorsed as they become due." After deducting certain indorsements that had been made on the notes, there appeared to be due on them, principal and interest, $1,935.48. Appellant introduced evidence to repel the claim for damages on the Boston Herald folder, and sought to prove work done on the Philadelphia Press folder and the Boston Advertiser cylinder, and the amount claimed by him therefor, in payment or reduction of the amounts claimed by appellee on the notes, but the court excluded the evidence.

It appeared from the evidence that the amount claimed by appellant for work on the Boston Advertiser had been allowed and paid to him by appellee, before the suit was brought.

The verdict was for the amount claimed as due upon the notes introduced in evidence, judgment was entered, and the case comes here by appeal.

Messrs. FRANK J. SMITH and HELMER, for appellant; cited Hoffman v. Walker, 26 Gratt. 316 ; Mines v. Moore, 41 Ill. 273 ; Wilson v. King, 83 Ill. 237 ; C. R. I. & P. R. R. Co. v. Todd, 91 Ill. 71.

Messrs. FOLLANSBEE & O'CONNOR, for appellee; as to waiver of all causes for a new trial not mentioned in a party's statement, cited O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

To be the subject of recoupment, the defendant's claim must arise out of the very cause of action sued on : Hubbard v. Rogers, 64 Ill. 434 ; Evans v. Hughey, 76 Ill. 115 ; Morehouse v. Baker, 48 Mich. 335.

MORAN, J. The first error assigned by appellant is the refusal of the court to allow the plea of set-off to be filed on Nov. 7, 1885, when the case was upon the trial call. When pleas are not filed in apt time, a motion for leave to file on the eve of trial is addressed to the discretion of the court, and unless the circumstances are such as to show an abuse of such discretion, the ruling on such motion will not be reviewed by this court.

Furthermore, in this case, appellant did not, in the points in writing specifying the grounds of his motion for a new trial, mention this as one. He will be held, therefore, to have waived it, and will be confined here to the reasons for new trial specified in the court below. O., O. & F. R.V. R. R. Co. v. McMath, 91 Ill. 104.

The second error alleged is upon the ruling of the court, on the motion for leave to file as a plea of set-off, the consolidated common counts, at the trial after the *nolle* by plaintiff as to the counts on the Boston Advertiser and Philadelphia Press orders.

It appeared from the evidence that the whole amount claimed by appellant, on account of work on the Boston Advertiser cylinder, was allowed and paid to appellant before the suits were brought. It further appears that appellee notified appellant, while he was building the Philadelphia machine and before it was completed, that it would not take the machine, alleging improper mechanism in its construction, and that appellant had notified appellee that he should complete the machine and test it, and hold it subject to appel'ee's order. It is apparent that appellant's claim against appellee, so far as it related to the Philadelphia Press machine, was for damages for not receiving and paying for the machine when completed, according to contract, and not for any amount due on account between the parties, and such a claim not being provable under the consolidated common counts, which appellant sought to file as a plea of set-off, a refusal to allow such plea to be filed worked no injury to appellant.

Damages for breach of an executory contract can not be recovered under the common counts. A special plea setting

out the contract and the breach was necessary, and such a plea appellant did not offer to file.   Brand v. Henderson, 107 Ill. 141; Hosmer v. Wilson, 7 Mich. 294; Danforth v. Walker, 37 Vt. 239.

It is contended that the court erred in refusing a continuance on appellant's motion, upon appellee changing the issues by dismissing the counts from his declaration.

Even treating such dismissal as an amendment of the declaration, it would not work a continuance of the case, unless appellant filed an affidavit bringing himself within the terms of Sec. 26 of Chap. 110 R. S., providing for continuance in case of amendment.   C. & P. R. Co. v. Stein, 75 Ill. 41; Mills v. Executors, etc., 76 Ill. 381.

The affidavit filed by plaintiff was not a compliance with the requirements of the statute, and the refusal of the court to grant the continuance, was, therefore, not error.   Neither was it erroneous for the court to refuse to allow, under the general issue, evidence of sums claimed to be due appellant from appellee, as damages for breach of contract, to apply as payment on the notes, as the contracts were not in any way the consideration of the notes.   The notes were shown to have been given for money advanced, and sums due on account between the Bullock Printing Press Company and appellant should, by the terms of the notes, be indorsed thereon, and could undoubtedly have been proved under the general issue. But "amounts coming due on account" do not include unliquidated damages for breach of contract.

Neither could appellant prove such damages by way of recoupment, as they did not grow out of the same transaction. Hubbard v. Rogers, 64 Ill. 434; Evans v. Hughey, 76 Ill. 115.

Counsel for appellant contends that the court erred in giving and modifying instructions.   The criticism relates wholly to instructions on the question of damages arising under the Boston Herald contract and as to the construction of that contract.

The jury found in favor of appellant and against appellee upon the claim for damages on that contract, and only found for appellant for the amount of the notes and interest.

Therefore, if it be admitted that the court below erred in the instructions, as the appellant claims, still such error worked him no injury. It is only of error that affects one injuriously that he can be heard to complain. Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Tuttle v. Robinson, 78 Ill. 332.

No error appearing which will authorize a reversal, the judgment of the superior court must be affirmed.

Judgment affirmed.