ROSE KEEGAN *et al.*

*v.*

HANNAH KINNARE, Admx.

*Filed at Ottawa November 11, 1887.*

1. RECOUPMENT—*as to what matters allowable—generally.* It is an indispensable element in the doctrine of recoupment, that the demand sued for and that sought to be recouped shall arise out of the same subject matter.

2. It is essential that the wrong of which the defendant complains, should in some way impair the consideration of his contract. In other words, it must appear that the express or implied contract broken by the plaintiff was the consideration for the defendant's contract or undertaking.

Syllabus.

3. SAME—*property of tenant withheld—whether it may be recouped as against rents.* In an action upon an appeal bond given on appeal from a judgment for possession of premises in an action of forcible detainer, the defendants offered evidence, on the trial, that when the writ of possession was executed, the principal in the bond, who was the tenant, was prevented from removing from the demised premises a house thereon, belonging to her, for the purpose of recouping the damages thus sustained from the rents, etc., recoverable on the bond: *Held,* that the evidence was properly excluded, as such damages could not be recouped.

4. LANDLORD AND TENANT—*tenant holding over—measure of his liability—election to treat him as a trespasser.* Where a tenant for a year or years holds over after his term expires or is terminated by notice, without any new agreement with his landlord, the latter, at his election, may treat him as a trespasser, or as a tenant for another year upon the same terms as in the original lease. But this right of election does not belong to the tenant.

5. Where the landlord elects to treat a tenant holding over without his consent, as a trespasser, the former rental will not fix the measure of the tenant's liability, but he will be liable to the landlord for the value of the use of the premises.

6. A tenancy from year to year was terminated by notice from the landlord, and the tenant holding over was sued in forcible detainer, and a judgment for restitution recovered in the circuit court, from which the tenant appealed to the Appellate Court, where the judgment was affirmed. The landlord died, and suit was brought by his administrator on the appeal bond: *Held,* that the measure of the recovery was the value of the use of the property from the termination of the term to the death of the landlord.

7. AMENDMENTS AND JEOFAILS—*defective pleading cured after verdict.* Where there is any defect, imperfection or omission in any pleading, either in substance or in form, fatal on demurrer, if the issue joined be such as necessarily to require, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission will be cured by the verdict.

8. INSTRUCTION—*to disregard matters of defence ruled out.* Where the court has excluded all the evidence offered to show a ground of defence, an instruction that such defence could not be considered, while unnecessary, is not an error of which the defendants can complain.

9. SAME—*an instruction construed—as to measure of recovery in action on appeal bond in forcible detainer against a tenant.* In an action upon an appeal bond given on an appeal by a defendant from a judgment in a forcible detainer suit, in which the condition of the bond was, that the defendant should pay all rent then due and that might become due before the final determination of the suit, as required by the statute, the court instructed the jury that they should determine, from the evidence, the fair rental

| 123 | 280 |
| 99a | 4154 |
| 123 | 280 |
| 196 | 7521 |
| 197 | 7190 |
| 123 | 280 |
| 104a | 7373 |
| 123 | 280 |
| 212 | 7576 |
| 213 | 4382 |
| 213 | 4385 |
| 213 | 7537 |
| 123 | 280 |
| 115a | 7168 |

value of the premises from the end of the term, and what, if any, damages or loss the evidence showed the landlord had sustained, and it was contended' that the damages and loss should have been limited to such as accrued after the giving of the bond. There was no evidence of any damages or loss other than of the rent or use of the land: *Held,* that the jury could not have considered they were to allow any damage or loss other than the rental of the property withheld, and hence the instruction was not misleading.

10. JUDGMENT—*on penal bond—its form as to damages.* A judgment in an action on an appeal bond read: "Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendants herein, her said debt of $3000, and also the said sum of $1760, (which was the damages found, less a *remittitur,*) together with her costs," etc. It was objected that there was no judgment for damages: *Held,* that the objection was hypercritical, it being evident that the $1760 was for the damages.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

This is an action of debt, by Hannah Kinnare, administratrix of the estate of Frank Kinnare, deceased, against Rose Keegan, John Keegan and John M. Smyth, on the following bond, namely:

"*Know all men by these presents,* That we, Rose Keegan and John Keegan, as principals, and John M. Smyth, as surety, all of the city of Chicago, in the county of Cook and State of Illinois, are held and firmly bound unto Frank Kinnare, also of the same county and State of Illinois, in the penal sum of three thousand dollars, ($3000,) lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly, by these presents.

"Witness our hands and seals this twenty-third day of May, A. D. 1884.

"The condition of the above obligation is such, that whereas the said Frank Kinnare did, on the fourteenth (14) day of May, A. D. 1884, in the circuit court of Cook county, in the State aforesaid, and of the April term thereof, A. D. 1884, recover a judgment against the above bounden Rose Keegan

and John Keegan, for the restitution of the possession of certain premises in said county and State, to-wit: Sub-lot number nine (9,) of lot four (4,) in block fifty (50,) in the school section addition to Chicago, besides costs of suit,—from which said judgment of the said circuit court of Cook county the said Rose Keegan and John Keegan have prayed for and obtained an appeal to the Appellate Court within and for the First District of said State.

"Now, therefore, if the said Rose Keegan and John Keegan shall duly prosecute their said appeal with effect, and, moreover, pay the amount of the judgment for costs rendered and to be rendered against, and pay all rent now due and that may become due before the final determination of the suit, and all damages and loss which the said plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue.

ROSE A. KEEGAN, (Seal.)

his
JOHN X KEEGAN, (Seal.)
mark.

JOHN M. SMYTH. (Seal.)"

To which is added the approval of the court on the 23d day of May, A. D. 1884.

It is alleged that at the March term of the Appellate Court, on the 28th day of April, A. D. 1885, the judgment of the circuit court appealed from was affirmed, and that said Frank Kinnare then recovered judgment against said Rose A. Keegan and John Keegan for the restitution of the possession of the premises described in the bond, besides costs of suit. And the breach of the bond alleged is the non-payment of costs and non-payment of rent and damages, and loss sustained by reason of the withholding of the premises in controversy, etc.

Certain pleas were filed, upon which issue was joined. Plaintiffs recovered judgment. Defendants appealed to the Appellate Court for the First District, and that court affirmed the judgment.

Messrs. M. A. RORKE & SON, for the appellants:

A surety may recoup for damages, and co-lessees are sureties for each other. *Myer* v. *Stookey*, 3 Bradw. 336; *Tully* v. *Iron Works*, 115 Ill. 554.

Recoupment, in its strict common law sense, is a mere reduction of the damages claimed by the plaintiff, by proof, under the general issue, of mitigating circumstances connected with or growing out of the transaction upon which the plaintiff's claim is based, showing that it would be contrary to equity and good conscience to suffer the plaintiff to recover the full amount of her claim. 5 Robinson's Practice, p. 265; *Wadhams* v. *Swan*, 109 Ill. 46.

A defendant may recoup damages in a suit for rent. *Pepper* v. *Rowley*, 73 Ill. 262; *Evans* v. *Hughes*, 76 id. 115; *Hubbard* v. *Rodgers*, 64 id. 434.

Recoupment by a tenant is permitted. *Lindley* v. *Miller*, 67 Ill. 244; *Ringhouse* v. *Keener*, 63 id. 230; *Himrod* v. *Baugh*, 85 id. 435.

In this case, it was stipulated, by agreement of the parties and by order of court, that under the only plea of the defendants allowed to stand, regarded by the court as a plea of general issue in debt, all defences pleaded might be admitted in evidence. Hence, by the recent decision of the Supreme Court the defendant should have been allowed to recoup the value of the house against plaintiff's claim under the general issue. *Tully* v. *Iron Works*, 115 Ill. 544.

A tenant holding over is bound to pay the same rent as in his lease. *Otto* v. *Jackson*, 35 Ill. 349; *McKinney* v. *Peck*, 28 id. 174; *Prickett* v. *Ritter*, 16 id. 96; *Stevens* v. *Coffeen*, 39 id. 148; *Wire Cloth Co.* v. *Gardner*, 99 id. 151.

The court erred in singling out the surety, and directing attention to him alone. *Munford* v. *Miller*, 7 Bradw. 62; *Coal Co.* v. *Conlan*, 101 Ill. 93.

The instruction authorized the jury not only to give the fair rental value of the property, but also the damage and loss. The lease fixed the measure of damages at $15 a month.

The court erred in overruling the motion in arrest of judgment. The judgment is not in form. The word "damages" nowhere occurs in it, and this is essential. *Matheson* v. *Stephens*, 9 Bradw. 436.

As showing that this judgment is erroneous in point, form, and under some of the cases cited in substance, and that the word "damages" is essential, we refer the court to *Parrisher* v. *Waldo*, 72 Ill. 71; *Matheson* v. *Stephens*, 9 Bradw. 436; *Toles* v. *Cole*, 11 Ill. 562; *Eggleston* v. *Buck*, 31 id. 254; *Austin* v. *People*, 11 id. 452; *Frazier* v. *Laughlin*, 1 Gilm. 347; *Knox* v. *Breed*, 12 Ill. 61.

Messrs. HYNES, ENGLISH & DUNNE, for the appellee:

As to the right to recoup damages, see *Scammon* v. *Kimball*, 92 U. S. 362; *Hilliard* v. *Walker*, 11 Ill. 644; *Ryan* v. *Barger*, 16 id. 28; *Stenson* v. *Gould*, 74 id. 80; *Hubbard* v. *Rogers*, 64 id. 434; *Evans* v. *Hughey*, 76 id. 115; *Tully* v. *Iron Works*, 115 id. 544.

And even in case of recoupment, the following decisions have held that one defendant can not recoup an individual claim against a joint claim made by the plaintiff against two or more defendants.

A cross-claim of defendant and others against the plaintiff and others, by way of recoupment, must be between the same parties. *King* v. *Wise*, 43 Cal. 629; *Cummings* v. *Morris*, 25 N. Y. 625; *Boyd* v. *Foot*, 5 Bos. 110; 1 Sutherland on Damages, 275.

A defendant can not be allowed to recoup damages on account of a misrepresentation of one of several plaintiffs, for

which the others were not responsible. *Sears* v. *Wingate*, 3 Allen, 109.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The several grounds urged for a reversal of the judgment below will be considered in the order of their presentation in the printed argument of appellants' counsel.

*First*—Appellants' counsel offered evidence upon the trial, which was rejected by the court, to the effect that when the writ of possession was executed, Rose Keegan was prevented from removing from the demised premises a house thereon, belonging to her. The damages thus sustained, it is contended, may be recouped from the damages that are recoverable for rent, etc., on the bond.

It is an indispensable element in the doctrine of recoupment, that the demand sued for and that recouped shall arise out of the same subject matter. (*Stow* v. *Yarwood et al.* 14 Ill. 424; *Streeter* v. *Streeter*, 43 id. 155; *Waterman* v. *Clark et al.* 76 id. 428.) Freeman, in his notes to *Van Epps* v. *Harrison*, 40 Am. Dec. 323, says, (and we quote because, we think, accurately): "In its modern application, the foundation of recoupment is failure of consideration. The defendant, in effect, admits his failure to perform the contract upon which he is sued, and seeks to extenuate his default by showing that the plaintiff has failed, in some particular, to do that which was the consideration of the defendant's promise, and to that extent, therefore, the plaintiff has no right to hold the defendant liable, hence it is essential that the wrong of which the defendant complains should, in some way, impair the consideration of his contract, —in other words, it must appear that the express or implied promise broken by the plaintiff was the consideration for the defendant's promise." See, also, *Christy* v. *Ogle's Exrs.* 33 Ill. 295.

Illustrative of the principle, it has been held that in an action by a laborer for his wages, the employer can not recoup

damages for an injury done by the plaintiff outside the scope of his employment. (*Nashville Railroad Co.* v. *Chumley*, 6 Heisk. 327.) In an action by a landlord to recover rent, the tenant can not recoup damages for a trespass committed by the landlord which does not amount to a breach of the covenant of quiet enjoyment. (*Cram* v. *Dresser*, 2 Sandf. 120; *Edgerton* v. *Page*, 20 N. Y. 281; *Bartlett* v. *Farrington*, 120 Mass. 284; *Huline* v. *Brown*, 3 Heisk. 679.) In an action by a vendor of land for the purchase money, the purchaser can not recoup the damages sustained by him by reason of the vendor's subsequently entering and taking the crops. (*Slayback* v. *Jones*, 9 Ind. 470.) Damages for maliciously suing out an attachment in a suit have been held not to be subject to recoupment in the same suit, because the wrong was in no way connected with the consideration of the contract sued on, but was an independent tort. (*Nolle* v. *Thompson*, 3 Metc. 121; Freeman's note, *supra.*) And so in *Evans* v. *Hughey*, 76 Ill. 115, where the plaintiff sold land for the defendant, agreeing to take security for the first payment of $3000 on other land of the value of $6000, and afterwards the defendant sold to the same purchaser certain personal property for the sum of $2500, and directed the plaintiff to take a mortgage on the purchaser's farm, then valued at $11,200, for both payments, and record the same, and the plaintiff did take such mortgage, but, through his neglect, it was not recorded until after liens to the extent of $1179.50 had attached to the mortgaged premises, which the defendant, after foreclosure of his mortgage, was compelled to discharge by payment, we held, in a suit by the plaintiff to recover the compensation agreed upon for making the sale, that the defendant could not recoup the damages sustained by him in consequence of the neglect to record the mortgage, as the same did not arise out of the contract sought to be enforced by the plaintiff, but that his remedy should be sought in a distinct suit.

What possible connection is there here between the conduct of the officer, or the heir-at-law, (Frank Kinnare being then dead) in executing the writ of possession, and the subject matter of this bond? The subject matter of this bond is the prosecution of an appeal from the judgment of the Superior Court to the Appellate Court. It does not look beyond the affirmance or the reversal of that judgment. It is to secure the appellee against loss by reason of the prosecution of that appeal, and liability was fixed by the judgment of affirmance. The liability on it, moreover, is to the administratrix, who had and has no interest in the rents accruing from the real estate after the death of Frank Kinnare. Clearly, if the heir-at-law, or the officer executing the writ, or both, did a wrong, result-ing in legal injury to Rose A. Keegan, they alone are liable to her therefor. No principle of law can fasten such liability upon the estate of Frank Kinnare; much less can it be re-couped in this action.

*Second*—Counsel for appellee were permitted, over the ob-jection of counsel for appellants, to prove the rental value of the property from May 1, 1883, to January 5, 1885,—the date of Kinnare's death. The evidence shows that appellants went into possession under a written lease of the property described in the bond, from the 1st day of October, A. D. 1878, until the 1st day of May, A. D. 1880, at a stipulated rent of $15 per month; and the contention of counsel for appellants is, that appellants are liable for rent only at that rate. But notice was given terminating that tenancy on the 1st day of May, A. D. 1883, which was held sufficient in the suit in which the bond was given. Instead of being tenants after the 1st day of May, A. D. 1883, appellants were expressly ad-judged to be trespassers; and the case cited by counsel for appellants, (*Clinton Wire Cloth Co.* v. *Gardner et al.* 99 Ill. 151,) only holds, that where a tenant for a year, or years, holds over after the expiration of his lease, without having made any new arrangement with his landlord under which

such holding over takes place, the landlord, at his election, may treat the tenant as a trespasser, or as a tenant for another year upon the same terms as in the original lease. But this right of election does not belong to the tenant,—it is the landlord alone who may thus elect. (Wood on Landlord and Tenant, p. 22, and authorities cited in note 4.) Here the landlord has elected to treat the tenants as trespassers, and they must, consequently, be liable to the administratrix of the landlord for the value of the premises for the length of time they have withheld them from him,—namely, from the 1st day of May, A. D. 1883, until the date of his death, January 3, A. D. 1885. 2 Waterman on Trespass, sec. 96.

*Third*—The court, of its own motion, instructed the jury as follows :

"The court instructs the jury, that the plaintiff in this case can not recover double rent, under the provisions of the statute referred to, for the premises in question ; neither can the plaintiff recover any rent for the house situated on the lot, as it is admitted that the house was the property of Rose Keegan, one of the defendants to the suit, on the 30th day of April, 1883. And the court is of the opinion that the surety on the bond in question, and one of the defendants to this suit, can not be held liable, under the terms of the bond, for any rent, as such, save rent of the lot itself, without the building, the lot being, in fact, the premises for the possession of which the said Frank Kinnare, deceased, recovered judgment in the circuit court, and from which the appeal, on account of which the bond was executed, was taken. The court further instructs you, that the defendants can not set off or recoup any damages Rose Keegan, one of the defendants, may have sustained, if any, by reason of the house in question being retained on the premises. But the principal question for the jury to determine from the evidence is, what was the fair rental value of the lot in question, without the building, from the 1st day of May, 1883, to the 3d day of January, 1885, the day of the death of Frank

Kinnare, and what, if any, damages or loss does the evidence show the said Frank Kinnare sustained during said time by reason of the withholding of the lot in question. And the court further instructs the jury, that the fair rental value of the premises is not necessarily determined by the amount of rent that was being paid for the same prior to or at the recovery of the judgment for possession by the said Kinnare, but the jury are to determine, from all the evidence, what was the fair rental value of the same during the time."

Four objections are urged,—first, because the jury are told, in the second paragraph, that the surety on the bond can not be held liable, under the terms of the bond, for any rent save only the rent of the lot itself, without the building; second, because the jury are told that they can not recoup damages Rose Keegan sustained by reason of her house being retained on the premises; third, because the jury are told that they are to determine, from the evidence, what was the fair rental value of the lot from the 1st day of May, A. D. 1883, to the 3d day of January, A. D. 1885; fourth, because the jury are told that the fair rental value of the premises is not necessarily determined by the amount of rent that was being paid for the lot prior to or at the recovery of the judgment for possession by said Kinnare.

The first of these objections, even if well taken, plainly, can afford no ground for reversing the judgment. The argument is, that appellants are, by implication, put upon a different ground than that of the surety. The verdict finds damages against all jointly, and thus demonstrates that the jury were not misled in that regard.

The second objection we have heretofore held untenable, but counsel say, that inasmuch as the court ruled out all evidence of damages sustained by Rose Keegan, it was misleading to instruct the jury in that regard. Undoubtedly, the instruction, in view of the previous ruling of the court upon the evidence, was unnecessary; but how could it possibly prejudice

appellants? Its effect could be no more than to cause the jury to disregard the consideration of any defence of that kind, and that was their duty. It could affect no other question.

Counsel contend, under the third objection, that damages and loss should have been limited to such as accrued after the giving of the bond, on May 23, A. D. 1884. But section 19, chapter 57, of the Revised Statutes of 1874, provides, that where judgment is rendered for the plaintiff in an action of forcible entry and detainer, "if the defendant appeal, the condition of the bond shall be that he will prosecute such appeal with effect, and *pay all rent then due,* or that may become due before the final determination of the suit," etc.,—and the bond was in the exact language of this section. When it was executed, it was, therefore, with the intention that this liability should be incurred. The words, "loss or damage," are broad enough, undoubtedly, to cover loss or damage from whatever source. But words are necessarily limited by the subject matter to which they are applied; and since there is no evidence in the record of loss or damage to the landlord because of anything other than rent, the jury could not have understood they were to take into consideration, in the formation of their verdict, any other loss or damage than that caused by withholding the possession of the property,—that is, the rent of that property. Under the facts before the jury, therefore, the language could not have misled, and was sufficiently accurate.

The argument in support of the fourth objection has been sufficiently answered by showing that the lease does not fix the amount to be recovered as rent. There is evidence showing, or at least tending to show, that the actual value of the rent was equal to the amount of the judgment.

*Fourth*—It is objected that the court erred in not giving certain instructions, as asked by the appellants. We think the ruling in that respect was right. Those instructions were not

in harmony with the views we have expressed on the preceding question, and therefore need no further consideration.

*Fifth*—A motion in arrest of judgment was made, because, under the allegations in the declaration of a breach of the condition of the bond, the defendants might have complied with all the conditions but one, and it is not certain which one. The objection is clearly one which is cured by verdict. The rule is, "where there is any defect, imperfection or omission in any pleading, whether in *substance* or *form*, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is *cured by* the verdict." 1 Chitty's Pleading, (7th Am. ed.) 711, 712, *712. It was essential, here, to any recovery, that proof be made of specific breaches of the bond. That proof was made, and there was no ground for, or pretense of, surprise in that respect.

*Sixth*—The jury returned the following verdict: "We, the jury, find the issues for the plaintiff. We find the debt to be $3000, and we assess the damages at the sum of $1840." Appellee remitted $80 of the amount of the verdict. The judgment then reads thus: "Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendants her said debt of $3000, and also the said sum of $1760, together with her costs and charges in this behalf expended, and have execution therefor. It is further ordered, that said debt be discharged upon the payment of the said sum of $1760, interest thereon and costs of suit." The objection is that there is no judgment for damages. This is hypercritical. It is as clear as anything can be, that the amount of $1760, for which judgment is given, is for the damages assessed by the jury, less the $80 remitted. The third section of chapter 7, of the Revised Statutes of 1874, provides: "No

judgment shall be reversed in the Supreme Court for mere error in form, if the judgment be for the true amount of indebtedness or damages."

This judgment is for the true amount of debt and damages, and therefore sufficient.    The judgment is affirmed.

*Judgment affirmed.*