## GEORGE S. POPPERS
### V.
## MARY J. MEAGER.

33   19
51   231

*Landlord and Tenant—Recovery of Rent—Judgment by Confession— Warrant of Attorney—Issuance of Execution before Completion of Record of Judgment.*

Upon motion to set aside judgment by confession for rent due and un-paid, it is *held:* That the warrant of attorney was not defective for failing to name any particular attorney; that the claims for unliquidated damages urged as a set-off, should not be considered, not being in any wise connected with the demand for rent; and that the fact that the judgment was entered by the clerk in term time, would justify the issuance of an execution be-fore the record of the judgment was complete.

### [Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. THOMAS SHIRLEY, for appellant.

Mr. L. H. BOUTELL, for appellee.

GARY, J.  No more shall the genial smile of the counsel for the appellant beam upon the bench or bar of Chicago. Tom Shirley is dead. His forty years of service in the courts of Cook county are ended in the grave.

June 25, 1888, the appellee filed in the Circuit Court the proper papers for a judgment by confession for rent due to her from the appellant, upon a lease from her to him, pursuant to a warrant of attorney contained in the lease. He made a motion to set aside the judgment, which was denied June 27, 1888. First, it is objected that the warrant is to confess not only a judgment for rent, but also upon a complaint in forcible detainer, and only a part of the power is executed. No argument or authority to support this objec-

tion is made or cited, and the validity of it is not self-evident. The practice of thus entering judgments for the rent is common, and has never been questioned.   Second, that the power is to any attorney, and to no one by name, is answered by the cases Hall v. Jones, 32 Ill. 38, and Keith v. Kellogg, 97 Ill. 147.   Third, the claims for unliquidated damages, which are urged as a set-off, are not connected with the demand for rent.   Hawks v. Lauds, 3 Gilm. 227; DeForrest v. Oder, 42 Ill. 500 ; Robison v. Hibbs, 48 Ill. 408 ; Hubbard v. Rogers, 64 Ill. 434;  Evans v. Hughey, 76 Ill. 115.   The last and what at first blush might seem a serious objection, is that when execution issued upon the judgment and was levied, and even when the motion was denied, the judgment had not been written up upon the records of the court.   On a judgment by confession entered by the clerk in vacation, execution may not issue before the record of the judgment is complete.   Ling v. King, 91 Ill. 571 ; but in term time it may ; Weigley v. Matson, 125 Ill. 64 ; Sec. 14, Act in relation to clerks, March 25, 1874 ; Schirmer v. People, 33 Ill. 276.

This appeal does not bring before this court the judgment itself, but only the order denying the motion to vacate it. Lake v. Cook, 15 Ill. 353; Frear v. Comm. N. Bk., 73 Ill. 473 ; Hall v. Hamilton, 74 Ill. 437.   That motion was rightly decided.

*Judgment affirmed.*