DIETRICH v. ELY et al.

(Circuit Court of Appeals, Seventh Circuit.   May 31, 1894.)

No. 146.

LANDLORD AND TENANT—ACTION FOR RENT—SET-OFF—RECOUPMENT.

Damages for malicious prosecution of suits for unlawful detainer cannot be set off or recouped in an action for rent, since such damages do not arise out of contract, and are not connected with the subject-matter of the suit.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by Sumner S. Ely and William H. Ely against Rosa Dietrich to recover rent.   Plaintiffs obtained judgment.   Defendant brings error.

Under a certain indenture of lease bearing date the 28th day of May, 1888, between the parties to this action, the plaintiff in error held possession of the demised premises from May 1, 1889, to April 30, 1890.   Prior to the latter date, the defendants in error demanded new terms and additional rent, which the plaintiff in error declined, but continued in possession after the term against the will of the landlord, claiming right so to do under an alleged agreement, which the court below found not to be sustained by the evidence.   The landlord, during the year following, brought some four or five suits against the plaintiff in error in unlawful detainer, which resulted in voluntary dismissal of some of the suits, and in favor of the plaintiff in error with respect to the others.   Subsequently, possession of the demised premises was regained, and the defendants in error brought suit in the court below to recover rent under the lease for the year ending April 30, 1890, and for the use and occupation of the property against the will of the landlord for the year ending April 30, 1891.   The plaintiff in error pleaded the general issue, and gave notice thereunder of set-off for damages and injuries by her suffered by reason of the willful, malicious, and wrongful institution and prosecution of the suits of unlawful detainer referred to, which damages she prayed might be offset against any sum found due the defendants in error.

Henry M. Coburn, for plaintiff in error.

Charles E. Pope (Kirk Hawes, of counsel), for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge (after stating the facts).   The tenant, having failed to accept the terms demanded, and holding over after the expiration of the lease, could be treated by the landlord as a trespasser, and is liable for the value of the use of the premises during the time they were withheld.   Keegan v. Kinnare, 123 Ill. 280, 288, 14 N. E. 14; Lazarus v. Phelps, 152 U. S. 81, 14 Sup. Ct. 477; Schuyler v. Smith, 51 N. Y. 309.

The only question in the case which we deem necessary to be considered is whether damages for malicious prosecution can be set off or recouped in an action for rent and for use and occupation.   The court below held against the proposition, and in that ruling we fully concur.   A set-off is a distinct cause of action arising upon contract. In recoupment, both the cause of action in the plaintiff and the right to recoup in the defendant grow out of the same subject-matter and

are correlative. The matters averred by the plaintiff in error would form the subject of an action ex delicto. The claim cannot therefore be sustained as a set-off; nor can it be recouped, unless it is connected with the subject-matter of the suit in which it is sought to be established.

In Winder v. Caldwell, 14 How. 434, 443, the court say, through Mr. Justice Grier:

"For, although it is true, as a general rule, that unliquidated damages cannot be the subject of set-off, yet it is well settled that a total or partial failure of consideration, acts of nonfeasance or misfeasance immediately connected with the cause of action, or any equitable defense arising out of the same transaction, may be given in evidence in mitigation of damages, or recouped, not strictly by way of defalcation or set-off, but for the purpose of defeating the plaintiff's action in whole or in part, and to avoid circuity of action."

See, also, Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696.

We do not think that the claim here presents matters immediately connected with the cause of action, or constitutes an equitable defense arising out of the same transaction, or is so related to or connected with the subject-matter of the suit that it may be brought within the rule declared. The suit was for rental, use, and occupation. The plaintiff in error had the use and enjoyment of the premises during the time for which the value of the use is demanded. The suits in unlawful detainer—willful, malicious, and wrongful, as, under the pleadings, we must assume them to have been—may give her a right of action for malicious prosecution, but they did not impair the value of the use of the premises, or in any legal sense affect her enjoyment of them. The bringing of the suits did not amount to an eviction. The plaintiff in error was not deprived of the possession of the property; and, if the institution and prosecution of the suits could be construed to be such acts as would have justified her in leaving the premises, she did not abandon them, but continued in possession, and must respond for the value of their use. The acts charged were not such as would work a breach of the covenant of quiet enjoyment, because there was neither actual nor constructive physical disturbance of the possession. Undoubtedly, she could recoup against the rent or the value of the use and occupation the damages sustained by any acts which impaired the value of the use, but not for acts personal in their nature, and which did not interfere with the beneficial use and enjoyment of the premises. And the reason is well stated by the supreme court of Illinois in Keating v. Springer, 146 Ill. 481, 34 N. E. 805, that, the object of the inquiry being to ascertain the amount of rent due, "if the acts of the landlord impaired the use of the premises, then the tenant should not pay the same rent as if the landlord had done no act to reduce such value." There it was held that where the landlord, in breach of his covenant, obstructed the passage of air and light, the tenant might recoup in reduction of the rent the diminished value of the use of the premises occasioned by such breach.

We do not think that the demands of the parties litigant grew out of the same subject-matter, or that the plaintiff in error can be per-

mitted to abate the value of the use and occupation of the premises which she has enjoyed by recouping damages sustained by malicious prosecution. The judgment will be affirmed.