Lyon v. Bryant.

---

## John B. Lyon v. John J. Bryant.

1. RECOUPMENT—*Indispensable Elements.*—It is an indispensable element in the doctrine of recoupment that the demand sued for, and that to be recouped, shall arise out of the same subject-matter. In its modern application, the foundation of recoupment is failure of consideration.

2. SAME—*When the Rule Does Not Apply.*—B. was the indorsee, before maturity, of a promissory note made by L. In an action brought upon it, L. claimed that B. had slandered him by stating that he had conveyed away all his property for the purpose of defrauding his creditors. *It was held,* the doctrine did not apply.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

### APPELLANT'S BRIEF, LEE & HAY, ATTORNEYS.

Recoupment is contradistinguished from set-off in three essential particulars:

1. In being confined to matters arising out of, and connected with, the transaction or contract upon which the suit is brought.

2. In having no regard to whether such matters are liquidated or unliquidated.

3.   That the judgment is not the subject of statutory regulation, but controlled by the rule of the common law.    Ward v. Fellers, 3 Mich. 281; Myers v. Estell, 47 Miss. 4; Stow v. Yarwood, 14 Ill. 424; Brigham v. Hawley, 17 Ill. 38; Streeter v. Streeter, 43 Ill. 155; Scott v. Kenton, 81 Ill. 96.

Damages for a tort may be recouped against a claim originating in contract.    Stow v. Yarwood, 14 Ill. 424; Brigham v. Hawley, 17 Ill. 38; Streeter v. Streeter, 43 Ill. 155; Scott v. Kenton, 81 Ill. 96.

It is essential only that the tort should be in relation to the same subject-matter.    Scott v. Kenton, 81 Ill. 96; Brigham v. Hawley, 17 Ill. 38; Streeter v. Streeter, 43 Ill. 155.

Recoupment may be made as a defense to a promissory note.    McDowell v. Milroy, 69 Ill. 498; Waterman v. Clark, 76 Ill. 428.    And is admissible under the general issue.    Turner v. Retter, 58 Ill. 264; Wadham v. Swan, 109 Ill. 46.

APPELLEE'S BRIEF, CAMPBELL & CUSTER, ATTORNEYS.

The doctrine of recoupment, as laid down by the Supreme Court of this State, applies only to mutual claims arising out of the same subject-matter, and susceptible of adjustment in one action.    Stow v. Yarwood, 14 Ill. 424; Brigham v. Hawley, 17 Ill. 38; Streeter v. Streeter, 43 Ill. 155; Scott v. Kenton, 81 Ill. 96.

To be the subject of recoupment the defendant's claim must arise out of the cause of action involved in the plaintiff's suit.    Hubbard v. Rogers, 64 Ill. 434; Evans v. Hughey, 76 Ill. 115.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee is the indorsee before maturity of a promissory note made by appellant for $3,250, dated May 9, 1893, and payable ninety days after date, with six per cent interest, and, as such, brought suit, and recovered judgment against the appellant for the amount of the note and interest. The only plea was the general issue.

The defendant, appellant, offered, as stated in appellant's

brief, to prove that, " at a time when the appellee was the owner of the note, he had a conversation with Mr. A. S. Lowenthal, concerning the note and its payment, Mr. Lowenthal having called upon him to make arrangements to that end. In that conversation the appellee, then being the owner of the note, slandered the appellant, by stating that he (appellant) had conveyed away all his property for the purpose of defrauding his creditors. The appellant made an offer of evidence to prove the above slander in recoupment of the appellee's demand upon the promissory note. This evidence the trial court refused to admit. In this the trial court erred, and we now present the question to this court for adjudication."

No other defense was offered. The offered evidence was properly refused. In Keegan v. Kinnare, 123 Ill. 280, it is said : " It is an indispensable element in the doctrine of recoupment that the demand sued for and that recouped shall arise out of the same subject-matter. Stow v. Yarwood et al., 14 Ill. 424; Streeter v. Streeter, 43 Id. 155; Waterman v. Clark et al., 76 Id. 428. Freeman, in his notes to Van Epps v. Harrison, 40 Am. Dec. 323, says (and we quote because, we think, accurately): ' In its modern application, the foundation of recoupment is failure of consideration. The defendant, in effect, admits his failure to perform the contract upon which he is sued, and seeks to extenuate his default by showing that the plaintiff has failed, in some particular, to do that which was the consideration of the defendant's promise, and to that extent, therefore, the plaintiff has no right to hold the defendant liable; hence, it is essential that the wrong of which the defendant complains should, in some way, impair the consideration of his contract; in other words, it must appear that the express or implied promise broken by the plaintiff was the consideration for the defendant's promise.' See, also, Christy v. Ogle's Exrs., 33 Ill. 295. Illustrative of the principle, it has been held that in an action by a laborer for his wages, the employer can not recoup damages for an injury done by the plaintiff outside the scope of his employment. Nashville Railroad Co. v.

Chumley, 6 Heisk. 327. In an action by a landlord to recover rent, the tenant can not recoup damages for a trespass committed by the landlord, which does not amount to a breach of the covenant of quiet enjoyment. Cram v. Dresser, 2 Sandf. 120; Edgerton v. Page, 20 N. Y. 281; Bartlett v. Farrington, 120 Mass. 284; Huline v. Brown, 3 Heisk. 679. In an action by a vendor of land for the purchase money, the purchaser can not recoup the damages sustained by him by reason of the vendor's subsequently entering and taking the crops. Slayback v. Jones, 9 Ind. 470. Damages for maliciously suing out an attachment in a suit, have been held not to be subject to recoupment in the same suit, because the wrong was in no way connected with the consideration of the contract sued on, but was an independent tort. Nolle v. Thompson, 3 Metc. 121; Freeman's note, *supra.*"

See also Brigham v. Hawley, 17 Ill. 38; Scott v. Kenton, 81 Ill. 96; Hubbard v. Rogers, 64 Ill. 434; Evans v. Hughey, 76 Ill. 115; McDowell v. Gilroy, 69 Ill. 948.

The judgment of the Circuit Court will be affirmed.