# Barker v. Turnbull.

1. SALES—*Opportunity to Inspect the Property.*—Where there is an agreement that the vendee shall inspect the property agreed to be sold, and pay for it upon such inspection, and he does in fact inspect it or has a reasonable opportunity so to do, and there is no fraud on the part of the vendor in reference to the inspection, and no warranty of the subject of sale, intended to survive the acceptance, the verdict is concluded by his inspection.

2. SALES—*No Opportunity for Inspection.*—In sales of property where there is no inspection or no fair opportunity for inspection, the purchaser will be entitled to recoup his damages in a suit for the price, even though he may have received the property, if it is proven to be inferior in quality to such as were contracted for.

3. SALES—*Acceptance After an Opportunity to Inspect.*—Where there has been an acceptance after an opportunity to inspect the goods delivered under an executory contract, damages because of the inferior quality of the accepted goods can not be recouped in the absence of proof of fraud, or express warranty by the vendor, or of latent defects incapable of discovery or inspection.

4. RECOUPMENT—*Elements of the Doctrine.*—It is an indispensable element in the doctrine of recoupment, that the demand sued for and that to be recouped shall arise out of the same subject-matter; in other words, it must appear that the express or implied promise broken by the plaintiff was the consideration for the defendant's promise.

5. INTEREST—*Unreasonable and Vexatious Delay of Payment.*—By the terms of a contract of sale of personal property, payment was to be made upon delivery on board of a vessel bound for Chicago, but not having been made, the vendor drew a draft for the amount ascertained by the con. tract price upon the vendee, which was returned dishonored. Upon the facts the jury were warranted in finding there had been an unreasonable and vexatious delay in payment, which justified the allowance of interest.

**Memorandum.**—Assumpsit for goods sold. Appeal from the Circuit Court of Cook County: the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

SMITH, HELMER & MOULTON, and SCHUYLER & KREMER, attorneys for appellant.

Flower, Smith & Musgrave, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

An action in assumpsit was brought by the appellee to recover for the purchase price of 12,633 first-class railroad ties, and 687 second-class ties, or culls, sold to the appellant in July, 1890.

The only plea was the general issue. Judgment was recovered for the full contract price, with interest added, as seems to be conceded by counsel on both sides, less a payment of $2,000 made by appellant before suit.

It is not necessary to state the evidence upon which our conclusion rests, but we regard it as fairly established, that the contract between the parties was that the inspection of the ties should be made at the point in Michigan from which they were shipped, and that payment for them should be made when they were delivered on the rail of the vessel sent by the appellant to receive them.

Monaghan, through whom appellant made the contract with appellee, was clearly appellant's agent in that behalf.

One Joncas was sent by appellant to the point where the ties were to be loaded on the vessel to inspect the ties. He was a professional and competent inspector, and at the conclusion of his inspection gave to appellee a certificate of his inspection, stating the quantity and quality of the ties put on board the vessel, as of the number and quality before stated.

The appellee drew a draft on appellant for the amount ascertained by the contract price per tie, and attached the certificate of the inspector to the draft, and the draft was dishonored.

It is contended that because a subsequent inspection of the ties made after their arrival in Chicago, resulted differently from the inspection made by Joncas, and that because the inspection made by Joncas was hurried and imperfect, a less amount than was recovered should have been allowed appellee.

And complaint is made of the refusal of the court to in-

struct the jury, as asked by the defendant, that even if there was an actual inspection of the ties, yet if the ties were not merchantable, or were not of the quality or condition contemplated by the parties, or expressly or impliedly contracted for, the jury should allow to the defendant and deduct from the price of the ties all damages which they believed, from the evidence, the defendant had suffered on account of such defects in quality or condition of the ties.

The ties were inspected as they floated past the inspector, in a sluiceway used for such purposes, and the court of its own motion, gave to the jury an instruction that it was for them to decide from all the evidence in the case, whether the ties were actually inspected by the defendant's inspector where they were loaded, or whether there was a reasonable opportunity to inspect them there.

And the court also gave, at the instance of the defendant, the following instruction:

" The jury are instructed that if they believe from the evidence that the ties in question, by the terms of the contract of sale, were to be inspected by the defendant when they were loaded on board the vessel, and that the defendant sent an inspector to the plaintiff's dock for that purpose, and if you further believe from the evidence that it was impossible to inspect the ties, on account of the manner in which they were delivered to the vessel, the defendant was not barred by such attempt at inspection of the ties, but had a right to receive them, and if the ties, or any part of them, proved to be unmerchantable, or were not of the quality contemplated by the parties, the defendant might receive the ties and use them, or resell them, and would not be precluded from showing and setting up in this case any actual defect in quality or condition of the ties, and any damages to him by way of recoupment; and if you believe from the evidence in this case that it was impossible to inspect the ties, as aforesaid, and that the ties in question, or any part of them, were unsound, unmerchantable, or were not of the quality or condition contemplated by the parties, you should allow or recoup to the defendant, all damages proved, if any, on account of any defects in quality or condition."

The instruction so given at the request of the defendant was fully as liberal in favor of the defendant as he was entitled to, and we quote it to show that fact, and not because we approve the full limit to which the instruction went as an exposition of the law of the case.

The refused instruction asked by the defendant, was properly refused by the court. It did not correctly state the law in case of an actual inspection.

Where there is an agreement, as in this case, that the vendee shall inspect the property agreed to be sold, and pay for it upon such inspection, and he does in fact inspect it, or has a reasonable opportunity so to do, and there is no fraud on the part of the vendor in reference to the inspection, and no warranty of the subject of sale, intended to survive the acceptance, the vendee is concluded by his inspection. Had there been no inspection, or no fair opportunity to inspect the ties, there would be no question but that the appellant would have been entitled to recoup, even though he had received the ties, if they were proved to be inferior in quality to such as were contracted for. But the jury has rightly, as we read the evidence, found that an inspection was had, or at least that a fair opportunity to inspect was afforded. Whatever loss, if any, the appellant has suffered because of an imperfect inspection, was the result of a neglect of opportunity and duty by his inspector Joncas. Every reasonable opportunity was given him to make a thorough inspection, and if Joncas neglected it, either because of the rapid coming along of the ties, a matter wholly within his control, or because the master of the vessel, another agent of the appellant, was urging a more rapid loading of his vessel, the appellant is in no condition to complain.

This court held in Eureka Cast Steel Co. v. Morden Frog Works, 23 Ill. App. 591, that in the absence of fraud or latent defects, the acceptance of an article sold upon an executory contract after an opportunity to examine it, amounted to an agreement that the article conformed to the contract and was satisfactory, and barred all claim for compensation for defects existing in the article. Where there has been an acceptance after an opportunity to inspect the

goods delivered under an executory contract, damages because of the inferior quality of the accepted goods can not be recouped in the absence of proof of fraud, or express warranty by the vendor, or of latent defects incapable of discovery or inspection. Tiltey v. Enterprise Stone Co., 127 Ill. 457; Norton v. Dreyfuss, 106 N. Y. 90.

There is no merit in the objection that the court rejected the testimony of certain witnesses called by defendant to prove that ties could not be properly inspected while floating down a sluiceway. The question as to whether a reasonable opportunity was afforded for the inspection was one for the jury to determine from the evidence of the actual conditions under which the inspection was made, and not for experts to decide, and was before the jury upon the facts proved and a proper instruction given by the court.

Appellant further contends that it was error for the court to refuse to allow him to show the amount of demurrage he paid to the vessel owner because of unnecessary detention by appellee of the vessel sent for the ties. The court gave permission to appellant to prove any damage occasioned to him by delay in delivering to appellant the property which was the subject-matter of the contract, but refused to permit him to show the amount paid the vessel owner for demurrage, and instructed the jury, at the request of appellee, that

"Under the evidence and pleadings in this case, the defendant is not entitled to recoup or set off damages for delay, if any, arising out of any contract express or implied, between the defendant and the owner of the vessel May Durr."

Such ruling and instruction were clearly right. Appellee had nothing to do with the contract between appellant and the vessel owner. If appellant paid damages under such contract with a third person, certainly such damages could not be recouped against appellee.

"It is an indispensable element in the doctrine of recoupment, that the demand sued for and that recouped, shall arise out of the same subject-matter, * * * in other

words, it must appear that the express or implied promise, broken by the plaintiff, was the consideration for the defendant's promise." Keegan v. Kinnare, 123 Ill. 280; Popper v. Meager, 33 Ill. App. 19; Hartshorn v. Kinsman, 16 Ill. App. 555.

The only remaining question is as to whether interest was allowable on appellee's demand.

It seems to be conceded on both sides, that one hundred and fifty dollars for interest, was included in the verdict of the jury, and no point is made, that, if interest is recoverable, that sum exceeds the proper amount.

We are not disposed to state as a proposition of law, that the mere fact that the appellant conducted himself in the manner disclosed by the record, with reference to payment of the appellee's demand against him, would constitute "an unreasonable and vexatious delay of payment" within the meaning of Sec. 2, Chap. 74, Rev. Stat., entitled interest.

But in view of the fact that according to the terms of the contract the money was payable when the ties were delivered on board the vessel, we do not feel warranted in overturning the verdict of the jury, based, as it must necessarily have been, upon their finding that the pretenses resorted to by the appellant after the ties had arrived in Chicago, constituted an unreasonable and vexatious delay of payment and justified the allowance of interest.

Upon the whole record, we think the judgment of the Circuit Court must be affirmed.