The America Theatre Company

*v.*

Siegel, Cooper & Co.

*Opinion filed April 17, 1906.*

1. Contracts—*one who accepts and retains goods is liable for contract price.* One who accepts goods under a contract and appropriates them to his own use cannot defeat an action for the purchase price on the ground that the goods are not of the exact quality or description called for by the contract, since his remedy, in the absence of a warranty, is to refuse to accept the goods when delivered or return them within a reasonable time after discovering the alleged departure from the terms of the contract.

2. Same—*what must be shown to justify recoupment of damages for failure to deliver on time.* In an action for the purchase price of a quantity of opera chairs, in order to justify a recoupment of damages for failure to deliver part of the chairs within the time specified, which is claimed to have exempted defendant's tenants from paying rent for the opera house during the delay, the defendant must show a valid contract with his tenants to that effect, the terms of which he had been unable to comply with because of delay.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding.

221—10

D. F. MATCHETT, for appellant.

BINSWANGER & JACKSON, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Siegel, Cooper & Co., the appellee, brought suit in assumpsit in the superior court of Cook county against America Theatre Company, the appellant, to recover the amount claimed to be due for 597 opera chairs which had been sold and delivered to appellant in pursuance of a written order which reads as follows:

"CHICAGO, *March 24, 1903.*

*"Siegel, Cooper & Co., Chicago, Ills.:*

"GENTLEMEN—Please deliver to the America Theatre Co., 77 E. 31st St., about six hundred opera chairs, K. D. flat, same as sample shown me by Mr. Rowles and Mr. Macfarlane. Backs to be upholstered in red plush, same quality as sample submitted by Mr. Macfarlane. Back and seat to be in mahogany finish and the iron frames in black, for which we agree to pay you $2.87 each.

"It is understood and agreed that the chairs are to be delivered in any number as quickly as possible, and the order must be filled complete inside of three weeks from this date. (Strikes excepted.) Terms regular.

Witness: J. A. Macfarlane.

AMERICA THEATRE CO.,
By G. H. Boyd, *Prest."*

The declaration consisted of the common counts only. Appellant filed the general issue, with an affidavit of merits as to $700 of appellee's demand. At the close of all the evidence the court instructed the jury to return a verdict for $1713.39 in favor of appellee, and, after overruling motions for a new trial and in arrest of judgment, entered judgment upon the verdict of the jury. The Appellate Court for the First District has affirmed the judgment of the superior court, and the record is brought by appellant to this court for review.

It is first urged that appellee failed to prove that the chairs delivered complied with the description contained in the contract, in that it was not shown that the chairs were of the same quality and description as the sample exhibited to the president of appellant by the agent of appellee.

The evidence offered by appellee showed that the chairs which were delivered were "K. D." opera chairs, with iron frames and upholstered backs, and that appellant received and retained them and had them set up in its opera house for use. With this proof in the record it was not necessary for appellee to prove that the chairs exactly corresponded with the sample or with the description contained in the contract. The law does not permit a person to receive goods under a contract, appropriate them to his own use, and then defeat an action for the purchase price on the ground that the goods were not of the exact quality or description called for by the contract. His remedy, in the absence of a warranty, is to refuse to accept the goods when delivered, or to return them within a reasonable time after the departure from the terms of the contract is discovered. *Wolf* v. *Dietzsch*, 75 Ill. 205; *Titley* v. *Enterprise Stone Co.* 127 id. 457.

The evidence for appellant showed that some of the chairs were not delivered until after the time specified by the contract for delivery had expired, and appellant, as it now says, sought to recoup damages on the theory that these chairs, of the description designated in the order, were purchased for a special purpose and for delivery at a particular time and place, to enable appellant to comply with its contract made with the tenants to whom the opera house was rented; that the delay in the delivery of the chairs occasioned special or exceptional damages, consequent upon appellant's inability to carry out the contract with its tenants; that prior to the time the order was signed appellee was fully advised of the purpose for which the chairs were purchased and of the damages that would ensue if they were not delivered within the time specified in the order, and that such damages were therefore within the contemplation of the parties and recoverable in this suit.

Counsel for appellant asked several questions which he says were calculated to elicit answers which would disclose

this situation, but which, we think, were not sufficiently definite, and upon objection being sustained to each of those questions, he said:

"I want to show at the time this contract was made with Siegel, Cooper & Co. an arrangement had been made with these lessees by which, in consideration of their signing a lease, these chairs here sued for must be put in, and that they were not to pay rent until these chairs were put in. For that reason this contract was made providing that the chairs must be delivered within three weeks. By their failure, as their own testimony shows, to deliver within three weeks of the time the chairs were sold, Elliott & Sutherland refused to pay rent, and these people were out something like $500, and for that reason we want to show what condition the premises were in without the chairs."

If such an arrangement as is mentioned in this offer was included in the lease, that instrument, which was in writing, should have been offered in evidence. If the arrangement was not in the lease, then, to be binding, it must at least have been embodied in a contract made upon a valid consideration, by which the lease was modified. The lease was not offered, and no offer was made to prove any such contract so modifying the lease. An "arrangement" may or may not be an enforceable contract. It was not made to appear to the superior court that appellant sought to establish the existence of a valid contract with the tenants, the terms of which appellant was unable to comply with on account of the failure of appellee to deliver all of the chairs within the three weeks. The proffered evidence was therefore properly excluded.

No further reasons are suggested for disturbing the judgment of the Appellate Court. That judgment will accordingly be affirmed.          *Judgment affirmed.*