**George F. Getz, Defendant in Error, v. Thomson & Burton Company, Plaintiff in Error.**

**Gen. No. 17,334.**

SALES—*recoupment*. In an action for a price of coal delivered defendant is not entitled to recoup on the ground that the coal was inferior to that ordered, where there was no warranty by the seller and defendant after an opportunity for inspection received and used the coal.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

JOHN E. VAN NATTA, for plaintiff in error; EDWARD MAHER, of counsel.

POMEROY & MARTIN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This was a suit brought to recover a balance due on a purchase by the defendant, here plaintiff in error, of eleven cars of coal from the Crawford Coal Co., who assigned its claim to the plaintiff below. On a hearing without a jury the court found the issues for the plaintiff and entered judgment on the finding against the defendant for one thousand dollars.

The defendant ordered ten cars of Brazil Block Lump coal and one car of Indiana Block, lower vein, coal at a price of two dollars per ton. The evidence on the part of the defendant tended to show that a portion of the coal shipped to the defendant on the said order was mine run coal, an inferior quality and less value than the price sought to be recovered of two dollars per ton, and by reason thereof claimed damages and that it was entitled to recoup therefor. There was no warranty by the seller, the Crawford Coal Co., and the defendant, after an opportunity for inspection, received and used the coal so shipped, thereby accepting same. In America Theatre Co. v. Siegel, Cooper & Co., 221 Ill. 145, the court say: "The law does not permit a person to receive goods under a contract, appropriate them to his own use, and then defeat an action for the purchase price on the ground that the goods were not of the exact quality or description called for by the contract. His remedy, in the absence of a warranty, is to refuse to accept the goods when delivered, or to return them within a reasonable time after the departure from the terms of the contract is discovered," citing authorities. See also Barker v. Turnbull, 51 Ill. App. 226.

The judgment is affirmed.

*Affirmed.*